## WILLIAM BUCKWORTH
### V.
## AMANDA A. CRAWFORD.

*Dram Shops—Suit under Sec. 9, Ch. 43, R. S.—Parties—Amendment after Verdict—Evidence—Sufficiency of—Discretion.*

1. In suits under Sec. 9 of the Dram Shop Act the plaintiff may proceed against any and all persons jointly or severally who may have caused the intoxication in whole or in part, without reference to whether they have equally contributed to the injuries complained of. They stand upon the same footing as persons engaged in a joint tort, each being liable for the entire damage.

2. Upon a motion for a new trial in such an action the court may enter judgment against one defendant after permitting the plaintiff to dismiss as to another.

[[Opinion filed February 17, 1887.]

APPEAL from the Circuit Court of McLean County; the Hon. O. T. REEVES, Judge, presiding.

Messrs. TIPTON & BEAVER, for appellant.

Messrs. JOHN T. LILLARD and FRANK R. HENDERSON, for appellee.

WALL, J. This was an action on the case under Sec. 9, Ch. 43, entitled Dram Shops, against appellant and one David Martin. The appellee in her declaration charged that the defendants furnished intoxicating liquors to her husband, whereby he became habitually intoxicated, and that by reason of his condition thus produced he squandered his property and neglected his business, thereby injuring her in her means of support, and that while so intoxicated he assaulted her and drove her from home, thereby injuring her in health.

The case was tried by a jury. There was a verdict for plaintiff for $350. Upon a motion being made for new trial

the plaintiff by leave of the court dismissed the case as to defendant Martin, and the court overruling the motion for a new trial, rendered judgment against appellant for the amount of the verdict. It is urged that it was error to permit the plaintiff to dismiss as to one defendant of the verdict, without dismissing as to the other.

The Practice Act, Sec. 24, Ch. 110, expressly authorizes this to be done. In the case of Cogshall v. Beesley, 76 Ill· 445, the plaintiff recovered a verdict in an action of assumpsit against two defendants, and upon a motion for new trial being made, was permitted to discontinue as to one of them and take judgment on the verdict against the other. The Supreme Court held this in accordance with the statute referred to.

In suits to recover under Sec. 9 of the Dram Shop Statute the plaintiff may proceed against any and all persons jointly or severally, who may have caused the intoxication in whole or in part, and in such cases it is not important that the several defendants have contributed in the same proportion to the injuries complained of, and they stand upon the like footing as persons who are engaged in a joint tort, each being subject to liability for the whole damage. Hence, when the court can see that there is a clear case against one of such defendants and the verdict is not in any wise excessive or unwarranted by the proof, it would be justified in granting permission to amend as to parties, under Sec. 24, Ch. 110, above referred to.

To a great extent, if not wholly, this is a matter within the discretion of the court—its sound legal discretion—and its action should not be interfered with by an appellate tribunal, unless it is apparent this discretion has been abused and injustice thereby occasioned. We think there is no such abuse disclosed here. It is next urged that the evidence did not sustain the verdict. After an examination of the abstract we feel compelled to disagree with this position of counsel. It is satisfactorily shown by the proof that the husband, who was at one time quite prosperous, acquired settled habits of intoxication, squandered and wasted his estate, neglected his business and mistreated the plaintiff, his wife, so that she was compelled to leave home on several occasions.

One of these times she went away bareheaded, when the weather was severe, causing her to take cold and resulting, as she says, in the loss of an eye. The misconduct of the husband finally caused a separation. No one can read the testimony without coming to the conclusion that if her story is true, and it is somewhat corroborated, she has suffered grievously, and that the verdict is an exceedingly moderate allowance for the damages she has sustained.

Whether the appellant furnished any considerable amount of the liquor which produced these misfortunes was a question for the jury to determine.

While there was some conflict in the evidence, we are satisfied with the conclusion arrived at in this res, ect. It is quite evident that a large part of the liquor consumed by the husband was obtained from appellant after he had been requested by appellee to let him have no more. The judgment will be affirmed.

*Judgment affirmed.*