TOBIAS WANACK

*v.*

PETER MICHELS.

*Opinion filed April 17, 1905.*

1. BONDS—*surety on saloon-keeper's bond cannot hold owner of building as co-surety.* The fact that the owner of a building knowingly leased for a dram-shop is jointly and severally liable for the damages occasioned by the dram-shop keeper's sale or gift of intoxicating liquors does not make him, in law, a co-surety with the surety on the dram-shop keeper's bond, so as to render him liable for contribution to the surety who was compelled to pay a joint judgment for damages against the dram-shop keeper and the owner.

2. CONTRIBUTION—*there can be no right of contribution among wrongdoers.* The owner of a building knowingly leased for a dram-shop is so far an intentional wrongdoer that there can be no right or liability to contribution as between him and the dram-shop keeper for damages recovered under the Dram-shop act, based upon injuries resulting from the gift or sale of liquor by such keeper.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Christian county; the Hon. WILLIAM M. FARMER, Judge, presiding.

This is a bill, filed in the circuit court of Christian county by the appellant against the appellee for contribution, the prayer being in part "that the court will decree to your orator the right to have the said Peter Michels contribute his *pro rata* share of said indebtedness paid by your orator on account of the suretyship of your orator and the said Peter Michels of the said C. L. Wanack as aforesaid," etc.

The appellee demurred to the bill; and the demurrer was sustained. Appellant, the complainant below, excepted to the order sustaining the demurrer, and elected to stand by his bill. Thereupon the court dismissed the bill at the cost of appellant, and appellant, having excepted to such decree

of dismissal, prayed an appeal to the Appellate Court. The Appellate Court has affirmed the decree of dismissal, and the present suit is prosecuted from such judgment of affirmance.

R. M. POTTS, and J. E. HOGAN, for appellant.

F. P. DRENNAN, and J. C. & W. B. McBRIDE, for appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

The bill in this case, as filed by the appellant, who was complainant in the court below, alleges that on September 21, 1896, one C. L. Wanack, as principal, and Basil Wanack and appellant, as sureties, executed a bond in the penal sum of $3000.00 payable to the people, for the payment of which they bound themselves, their "heirs, executors, administrators and assigns and legal representatives, jointly and severally," the condition of which bond was that, whereas C. L. Wanack had obtained from the common council of the city of Taylorville permission to keep a dram-shop at the brick building, situated on the east one-half of lot 11 in block 14 in said city, from the 23d day of September, 1896, to the 23d day of September, 1897, then if C. L. Wanack should well and truly pay all persons all damages, which they might sustain, either in person, or property, or means of support, by reason of the said C. L. Wanack selling or giving away intoxicating liquors, and should well and truly observe all the laws of the State of Illinois, and the ordinances of said city concerning the sale of intoxicating liquor, then in that case the said obligation should be null and void, otherwise, should remain in full force, virtue and effect.

The bill then represents that, under said bond, a license was issued to C. L. Wanack to keep a dram-shop in the said building, and that he did keep the same therein, selling intox-

icating liquors for one year from the date of the bond; that, at the time of issuing the license and during the occupancy of the building by C. L. Wanack, the appellee, Peter Michels, was the owner in fee of said premises, and had charge of the same and knew that the same were used and occupied by C. L. Wanack as a tenant of his, and that C. L. Wanack was using the same as a dram-shop, and was selling intoxicating liquors therein, and that Michels leased the same to C. L. Wanack for the purpose of keeping a dram-shop and selling intoxicating liquors; that, while C. L. Wanack was operating a dram-shop on said premises, at the November term, 1897, of the circuit court of Christian county, Dora Alexander and Homer Alexander, Cocoa Alexander, Orie Alexander and Merle Alexander, by their mother and next friend, Dora Alexander, brought an action in case against C. L. Wanack, and appellee, Peter Michels, as defendants, for the sum of $5000.00 under the Dram-shop act, charging in their declaration that on February 11, 1897, and while C. L. Wanack was keeping said dram-shop, he sold, furnished and gave to one John Alexander intoxicating liquors, by reason of which the latter became intoxicated and fell from his wagon and was killed, and that by reason of his death the plaintiffs were injured in their means of support and the cause of action accrued; that said declaration further charged that at the time the liquor was so sold and injury caused thereby, Peter Michels, the appellee, was the owner of said premises and knew that the same were used and rented for the purpose of keeping a dram-shop, and knowingly permitted intoxicating liquor to be sold by C. L. Wanack, his tenant in said building.

The bill further alleges that the plaintiff's intestate, the widow and children of John Alexander, deceased, recovered a judgment against C. L. Wanack and Peter Michels, jointly, for the sum of $2000.00, and that on appeal from said judgment to the Appellate Court, the same was affirmed.

The bill further alleges that, at the November term, 1898, of said circuit court, the People of the State for the use

of said widow and children of John Alexander, deceased, brought suit against the appellant, Tobias Wanack, for the sum of $3000.00, alleging in their declaration that the appellant had executed the bond above described; that license had been issued to said C. L. Wanack as above stated, and that he had furnished and given to John Alexander intoxicating liquors, as a result of which he was killed, etc.; and further setting out in their declaration the suit, brought by the above named plaintiffs against C. L. Wanack and Peter Michels in an action on the case, setting out the declaration in said first suit, and the proceedings had thereon, and the judgment obtained therein against C. L. Wanack and Peter Michels; and further alleging that the Charles L. Wanack, mentioned in the first suit, was the same Charles L. Wanack mentioned in the second suit, and that the John Alexander named in the first suit was the same John Alexander named in the second suit, and that the judgment in the first suit against C. L. Wanack and Peter Michels had not been paid, or any part thereof, and that a cause of action accrued to the plaintiffs against the appellant, Tobias Wanack, to recover the amount of said judgment; that judgment was obtained by the People for the use of said widow and heirs, against appellant, Tobias Wanack, for the sum of $2000.00, and upon appeal to the Appellate Court said judgment was affirmed.

The bill further alleges that execution was issued upon the last named judgment, and that the appellant had been compelled to pay the same together with interest and costs, and that the same had been satisfied and discharged of record; that said C. L. Wanack, the principal in said bond, and Basil Wanack, a co-surety with orator, Tobias Wanack, were both insolvent, when said suits were begun, and judgment obtained, and have ever since been, and are now both insolvent, so that said judgment cannot be collected from them or either of them; that appellee, Peter Michels, is solvent, and has a large amount of property and means, and did

have at the time the judgment was rendered against him, and has property above his indebtedness of the value of $30,-000.00; that the plaintiffs in the original suit colluded with Michels, and refused to collect the judgment of him, but at his instigation prosecuted the second suit against appellant, and obtained judgment and the collection thereof through fraud against appellant, and that said suit was prosecuted and judgment obtained through the collusion and the fraud of plaintiffs and Michels, in order to relieve Michels from the payment of the judgment and his *pro rata* share of said amount, as co-surety by operation of law with the appellant therein.

The bill then proceeds to represent as follows: "That at the time the said judgment was obtained against your orator he was a co-surety with said Peter Michels of the said C. L. Wanack, they being equally liable and bound for the debt or miscarriage of the said C. L. Wanack as principal, who was engaged in the keeping of the dram-shop as aforesaid, and that the statute of the State of Illinois through the Dram-shop act has made said Peter Michels liable as owner of said building for the debt or miscarriage of said C. L. Wanack the same as that of Tobias Wanack, who entered into the bond as aforesaid. And your orator would further show that he has paid said judgment in full to the amount of, to-wit, $2000.00, with the costs and interest thereon, to the amount of $169.82, and that in addition thereto has expended large sums to the amount of $1000.00 in defending said suit, in protecting himself and the said Peter Michels from greater and further liability, and that the total expenses paid by reason thereof is in the amount of, to-wit, $3169.82, and that the said money has all been paid in good faith by your orator and for the actual expense and liability incurred, and that the said Peter Michels has failed and refused to contribute his *pro rata* share of said indebtedness, and has failed and refused to pay your orator the amount so due him by reason of your orator having paid said indebtedness as aforesaid, of

which one-half of the total amount paid is now due your orator from the said Peter Michels as his *pro rata* share of the amount so paid by your orator, said amount being the sum of, to-wit, $1584.91, and that he has demanded the said sum of the said Peter Michels, which he now refuses to pay." The prayer of the bill is as above stated, and that an account may be taken and that Michels may be decreed to pay appellant whatever sums shall appear to be due him in equity and good conscience, etc.

The first suit was brought by the widow and children of the deceased, John Alexander, against C. L. Wanack, the tenant, and Peter Michels, the owner of the building, under section 9 of the Dram-shop act. That section provides that "every husband, wife, child, * * * who shall be injured in person or property or means of support, by an intoxicated person, or in consequence of the intoxication, habitual or otherwise, of any person, shall have a right of action in his or her own name, severally or jointly, against any person or persons who shall, by selling or giving intoxicating liquors, have caused the intoxication, in whole or in part, of such person or persons; and any person owning, renting, leasing or permitting the occupation of any building or premises, and having knowledge that intoxicating liquors are to be sold therein, or who having leased the same for other purposes, shall knowingly permit therein the sale of any intoxicating liquors that have caused, in whole or in part, the intoxication of any person, shall be liable, severally or jointly, with the person or persons selling or giving intoxicating liquors aforesaid, for all damages sustained, and for exemplary damages," etc. (2 Starr & Curt. Ann. Stat.—2d ed.—pp. 1593, 1594). The judgment, obtained in the suit brought under section 9, was a judgment against C. L. Wanack and Peter Michels jointly.

The second suit, which was brought upon the bond, and resulted in judgment for $2000.00 against the present appellant, Tobias Wanack, was brought under section 5 of the

Dram-shop act, which provides that "no person shall be licensed to keep a dram-shop or to sell intoxicating liquors, by any county board, or the authorities of any city, town or village, unless he shall first give bond in the penal sum of $3000.00, payable to the People of the State of Illinois, with at least two good and sufficient sureties, * * * conditioned that he will pay to all persons all damages that they may sustain, either in person or property, or means of support, by reason of the person so obtaining a license selling or giving away intoxicating liquors. * * * Any bond taken pursuant to this section may be sued upon for the use of any person, or his legal representatives, who may be injured by reason of the selling or giving away any intoxicating liquor by the person so licensed, or by his agent or servant." (2 Starr & Curt. Ann. Stat.—2d ed.—p. 1589).

An appeal was taken from the judgment of the Appellate Court, affirming the judgment against appellant upon the bond in question, and the decision of this court in that case is reported as *Wanack* v. *People,* 187 Ill. 116; and in that case it was held that a declaration against the surety on a saloon-keeper's bond, which counts upon the injury to the plaintiff's means of support, is complete without making any reference to the proceedings and judgment in the former action against the saloon-keeper and the owner of the building, but that the latter judgment is *prima facie* evidence as to the amount of damages in a suit against the saloon-keeper's surety, especially if the latter had notice of that suit and an opportunity to defend.

The bill in the case at bar proceeds upon the theory that the appellant, Tobias Wanack, as surety for C. L. Wanack upon the bond in question, is co-surety with the appellee, Peter Michels, co-defendant with C. L. Wanack in the suit, brought against Michels as owner of the building, where the intoxicating liquor was sold, and C. L. Wanack as tenant of such buildiing. If the appellant and the appellee were not co-sureties, then the demurrer to the bill was properly sustained,

and the bill was properly dismissed. It is difficult to see how the appellant and the appellee were in any sense co-sureties for C. L. Wanack. Two persons can only be co-sureties where each of them is surety for the same person. Undoubtedly, appellant was surety for C. L. Wanack in the bond, executed by C. L. Wanack, as principal, and appellant, Tobias Wanack, as surety. But the fact, that a judgment was rendered against C. L. Wanack and the appellee, Peter Michels, under section 9 of the Dram-shop act, did not make Peter Michels a surety in any sense of, or for, C. L. Wanack. The suit, authorized to be brought under section 9 of the Dram-shop act, is not only brought against the person selling the intoxicating liquor, but against the person, owning the premises where the liquor is sold, who permits its occupation for such purpose, and knows that liquor is sold thereon and permits liquor to be sold thereon. The owner by this section is originally liable to the parties injured by the sale of the liquor. His obligation to the party injured is primary. Under section 9 the owner could be sued separately from the occupant selling the liquor, and a separate judgment could be recovered against him, as owner, for permitting liquor to be sold upon the premises. He is not only jointly liable with the occupant, who sells the liquor, but he is himself separately liable. This being so, it cannot be said that he is in any sense a surety for the occupant who sells the liquor, but he is a joint wrongdoer with such occupant.

There could be no contribution as between C. L. Wanack and the appellee, Peter Michels, because they are both wrongdoers. It is a general rule that there is no right of contribution as between tort feasors. (*Nelson* v. *Cook,* 17 Ill. 443; 3 Pomeroy's Eq. Jur. sec. 1418, note 1). "It is a general and long-established rule that neither contribution nor indemnity will be given to one of several tort feasors against the others." (7 Am. & Eng. Ency. of Law,—2d ed.—p. 364). And although this rule is only applied to cases of intentional and conscious wrongdoing, (Ibid.) yet it cannot be said

that, in the case at bar, the wrongdoing of the owner of the
premises, who leases them with permission to the occupant
to sell intoxicating liquor thereon, and with knowledge that
such liquor is sold thereon, is not intentional. The owner,
under the circumstances mentioned in the statute, must be
regarded as committing the tortious act with guilty intent.
Hence, there can be no contribution between the occupant
and the owner under the circumstances stated. Section 9
"makes the lessor, having knowledge that intoxicating liq-
uors are to be sold on the leased premises in violation of law,
a joint wrongdoer with the lessee, who makes the illegal
sales, and authorizes the person injured thereby to sue both
or either for all damages caused by such sales." (*Mullen* v.
*Peck,* 49 Ohio St. 447; *Justice* v. *Lowe,* 26 id. 372). In
*Acheson* v. *Miller,* 2 Ohio St. 203, it is said in the syllabus:
"It is the opinion of this court that where the parties think
they are doing a legal and proper act, contribution will be
compelled; but where the parties are conscious of doing a
wrong, courts will not interfere." A landlord, who know-
ingly permits a tenant to sell liquors illegally upon his prem-
ises, cannot claim indemnity or contribution, if compelled to
pay for damage done by the liquor sold. (*Zigler* v. *Rommel,*
30 Weekly L. B. (Ohio,) p. 115). One liquor dealer cannot
recover contribution from another to a judgment for dam-
age done to one to whom they had both sold liquor. (*Torpy*
v. *Johnson,* 43 Neb. 882; *Johnson* v. *Torpy,* 35 id. 604).

It follows that, if the appellee, Peter Michels, is not a
surety for C. L. Wanack because suit was brought against
both of them and judgment was obtained against both of
them under section 9, he cannot be a co-surety with the appel-
lant for C. L. Wanack because appellant signed the bond as
surety with C. L. Wanack as principal. The relation of co-
suretyship under the circumstances of this case cannot exist
between appellant and appellee, unless they are both sureties
for C. L. Wanack, and inasmuch as appellee is not and can
not be a surety for C. L. Wanack, under the circumstances

already stated, he is in no sense a co-surety with the appellant. Consequently, there can be no contribution as between appellant and appellee.

Accordingly, the decree of the circuit court is affirmed.

*Decree affirmed.*