People of State of Illinois et al., Appellants, v. Metropolitan Casualty Insurance Company of New York et al., Appellees.

People of State of Illinois et al., Appellants, v. American Employers Insurance Company et al., Appellees.

Gen. Nos. 44,872, 44,873.

Opinion filed February 20, 1950. Released for publication March 7, 1950.

PHILIP A. LOZOWICK, General Attorney, Chicago Park District, for appellants; PHILIP A. LOZOWICK, General Attorney, and HARRY R. POSNER, Assistant General Attorney, of counsel.

MAYER, MEYER, AUSTRIAN & PLATT and HENRY G. FERNCASE, all of Chicago, for appellees; HENRY G.

FERNCASE and FRANK D. MAYER, both of Chicago, of counsel.

MR. JUSTICE FEINBERG delivered the opinion of the court.

The consolidated appeals are from separate decrees in the circuit court of Cook county dismissing for want of equity amended and supplemental complaints filed by plaintiff, seeking subrogation against the defendant surety companies, who were sureties on the bonds of the treasurer and the commissioners, respectively, of the West Chicago Park Commissioners. The present plaintiff was in 1933, by an act of the legislature, made successor to the West Chicago Park Commissioners, and all debts and obligations of said West Chicago Park Commissioners were assumed by the Chicago Park District.

The original actions, in which the amended and supplemental complaints were filed by the present plaintiff, were brought by a number of holders of tax anticipation warrants issued by the West Chicago Park Commissioners for anticipated tax collections for the year 1929. These tax anticipation warrants were in two classes—one issued to anticipate the collection of taxes levied for the payment of the ordinary and necessary expenses of said Park District, and the other levied for the payment of principal and interest of maturing bonds issued by the West Chicago Park Commissioners. The suits were for an accounting against the successor Chicago Park District, alleging illegal diversion by its predecessor of taxes collected, which should have been applied to the payment of these warrants. The suits were consolidated for hearing in the circuit court, and upon a final hearing decrees were entered as to each of said classes of warrants, ordering distribution of the proceeds of collection of anticipated taxes then in the treasury

515

of the Chicago Park District, and denying all other relief asked for in said complaints.

Upon appeal from said decrees to the Supreme Court (*Edward J. Berwind, Inc. v. Chicago Park Dist.*, 393 Ill. 317), the decrees were reversed and the causes remanded with directions to enter a decree finding the amount due each of the holders of said tax anticipation warrants and directing payment thereof by the Chicago Park District. Upon remandment to the circuit court, decrees were entered in accordance with the mandate in the *Berwind* case, *supra*, and the Chicago Park District paid the amount due each of the respective holders of said warrants. It filed the amended and supplemental complaints, seeking to recover from the surety companies by way of subrogation the amount so paid out on said warrants pursuant to said decrees.

The facts in connection with the issuance of the tax anticipation warrants in question and the actions of the park commissioners and the treasurer, forming the basis of the claim of illegal diversion, are fully stated in the *Berwind* case, *supra*. In the interest of brevity, we refer to the facts so fully stated in the opinion of the Supreme Court, and shall not repeat them here.

The principal questions presented here are (a) whether the plaintiff is entitled to subrogation under the circumstances, and (b) whether such claim of subrogation is barred by the five-year Statute of Limitations or is controlled by the ten-year Statute of Limitations. It is admitted by plaintiff that if the five-year Statute of Limitations applies, the action is barred, but it contends that the ten-year Statute of Limitations is the applicable one, the surety bonds involved being written instruments within the meaning of said Act.

It has been found and adjudicated by the Supreme Court in the *Berwind* case, *supra*, that the entire

amount of illegal diversion of tax collections was applied by the West Chicago Park Commissioners, a municipal corporation, to the payment of its general corporate obligations, and that these illegal diversions were made pursuant to resolutions adopted by it directing the application of such illegal diversions, which made the municipal corporation liable to the tax warrant holders. The Supreme Court in the *Berwind* case said (p. 338):

"However, appellants insist that when the corporation collects in all of the moneys already assigned to the tax warrant holders, deposits them in the treasury and then without their knowledge or consent, by regular corporate action, appropriates and uses the said moneys to pay off its creditors, it becomes liable to compensate the tax warrant holders for taking their property for public use. We believe this position is well taken."

■■ Upon the subject of subrogation, in *People ex rel. Nelson v. Phillip State Bank & Trust Co.*, 307 Ill. App. 464, 467, we quoted with approval the following statement:

"Subrogation does not owe its origin to a statute or custom nor is it a doctrine of the common law. It originated in equity and is a creature of equity, a doctrine of equity jurisprudence which was adapted by equity from the Roman or the civil law. . . .

"The object of subrogation is the prevention of injustice. It is designed to promote and to accomplish justice, . . . and rests upon the principle that substantial justice should be attained regardless of form."

■■ *In Dunlap v. Peirce*, 336 Ill. 178, 190, it was said:

"Subrogation is the substitution of another person in the place of a creditor or claimant to whose rights he succeeds in relation to the debt or claim asserted,

which has been paid by him involuntarily, and contemplates some original privilege on the part of him to whose place substitution is claimed. There must exist the relation of principal and surety or guarantors, or other relation between the parties which would entitle such person to succeed to any rights of the creditor or claimant."

In *Albers v. Indemnity Ins. Co. of North America,* 283 Ill. App. 260, the receiver of the Cody Trust Company sought to collect on two fidelity bonds, each bond providing for the payment of loss to the Cody Trust Company caused by the dishonesty of its employees. We there held:

"There is no allegation in the amended complaint that any of the $155,000 was used by anyone except the Cody Trust Company itself, nor is there any allegation that any of such money was used for any purpose other than the corporate purpose of the Cody Trust Company. From the provisions of the bond, above quoted, the defendant insurance company agrees to indemnify the Cody Trust Company against loss sustained by it, and from the allegations of the amended complaint it appears that the Cody Trust Company did not sustain any loss, but on the contrary appropriated $155,000 of its customers' money to its own use. The bond was not for the benefit of persons dealing with the Cody Trust Company."

■■ Applying the principle in the cases cited to the position of the plaintiff in the instant case, it is clear to us that the real wrongdoer was the West Chicago Park Commissioners in directing the illegal diversion. The illegal diversion was one for the full benefit of the municipality, and not to pay the obligation of another. Since the money diverted was used to pay its corporate obligations, it was not damaged, nor did it suffer any loss by virtue of the diversion.

It would be highly inequitable to fasten the liability upon the sureties, under the circumstances, when the wrongdoer, seeking subrogation, obtained the full benefit of its illegal Act. A wrongdoer should not be permitted subrogation. 50 Am. Jur. 694, § 18, and cases cited.

Since we conclude there can be no right of subrogation, we deem it unnecessary to discuss and determine the question of the Statute of Limitations.

The decrees of the circuit court are affirmed.

*Affirmed.*

Tuohy, P. J., and Niemeyer, J., concur.