Guy Coffey, and Rebecca Coffey, Plaintiffs, v. ABC Liquor Stores, Inc., John Oglesby et al., Defendants.

ABC Liquor Stores, Inc., John Oglesby, and Marie Wolfinbarger, Third Party Plaintiffs-Appellants, v. Troy Calvert, Jr., Third Party Defendant-Appellee.

Term No. 57–F–9.

Fourth District.

May 15, 1957.

Released for publication June 4, 1957.

Frank G. Schubert, of Springfield, and DeWitt Twente, of Harrisburg, for third-party plaintiffs-appellants.

Charles J. Smith, and Graham, Califf & Harper, all of Moline (David A. Warford, of Marion, of counsel) for third-party appellee.

JUDGE CULBERTSON delivered the opinion of the court.

This action arises from an original complaint filed by plaintiffs, Guy Coffey and Rebecca Coffey, against ABC Liquor Stores, Inc., a corporation, John Oglesby, Marie Wolfinbarger and William Jr. Hatchett, four defendant tavern operators, under the provisions of the Illinois Dramshop Act. The complaint is in two counts, one on behalf of Guy Coffey, and the other on behalf of his wife, Rebecca. The complaint alleges that the defendants sold or gave alcoholic liquors which in whole or in part caused intoxication of Troy Calvert, Jr., and that while in that condition he assaulted and beat Guy Coffey and injured him. The action of Guy Coffey is for personal injuries, and that of his wife seeks damages for injury to her means of support.

This case took an unusual turn when within the time for filing their answer, three of the defendants, ABC Liquor Stores, Inc., a corporation, John Oglesby, and Marie Wolfinbarger, brought Troy Calvert, Jr., in as a third-party defendant, by filing a third-party complaint against him. In this complaint they allege that if they are held liable to the plaintiffs that it would be only for damages caused by the tortious action of Calvert, and that they themselves were not guilty of any wrongful conduct; and since their liability is entirely statutory, they would have a right to recover against Calvert by way of indemnification.

Calvert filed a motion to dismiss or strike the third-party complaint and this motion was granted by the Trial Court on the grounds that the third-party complaint failed to state a cause of action for indemnification or contribution against Calvert, and that the inclusion of a third-party complaint in the proceeding would have been an imposition on the plaintiffs in the original Dramshop action. The third-party plaintiffs stood by their complaint and the Court entered judgment against such plaintiffs and in favor of the third-party defendant as to such complaint.

512

On appeal in this Court the third-party plaintiffs contend that the complaint states a cause of action showing that they would have a right to indemnification against Calvert in the event they are held liable, and that the rule which in some situations bars a right of indemnification as between tort-feasors does not apply in this case because the complaint against the tavern operators is not based upon their being tort-feasors, but is purely statutory, without any reference to wrong doing or tortious conduct; and secondly, that the damages would have been caused by the active misconduct of Calvert rather than the tavern operators and that, therefore, under the Illinois law they should have a right to recover against this individual for damages.

██ Under the Illinois Civil Practice Act, within the time for filing an answer, a defendant may, without leave of Court, file a third-party complaint against one who is liable to such parties by reason of the institution of the original action (1955 Illinois Revised Statutes, Illinois Civil Practice Act, Chapter 110, Section 25, Paragraph 2), and if the Court feels that the consolidation of a third-party action with the original action may inconvenience the original plaintiff or prejudice his rights, the Court may order severance of the actions for trial (Illinois Civil Practice Act, supra).

█ Our concern at this time is whether this third-party procedure as undertaken is justifiable in an action instituted under the provisions of the Dramshop Act referred to. Regulation of intoxicating liquors and the liability imposed upon a tavern operator under the provisions of this Act for damages are sustained on the ground that the regulations are established for the purpose of protecting the health, morals, and safety of the people; that the tavern operators do not have an inherent right to sell intoxicating liquors and that the liability under the Dramshop Act is penal in nature. It has also been determined that selling or

giving of intoxicating liquor which causes or contributes in whole or in part to intoxication of a person who causes injury while so intoxicated is a tort (Buckworth v. Crawford, 24 Ill. App. 603).

While the liability imposed upon liquor sellers by the Dramshop Act is purely of statutory origin, it is nonetheless a liability which the liquor dealers agree to accept and be bound by upon entering the liquor business. In all the cases which were directed to our attention on appeal, permitting indemnification as against a tortious third party as an exception to the joint tort-feasor rule, the parties were all innocent parties who established the right of indemnification as against contractors, or servants, or others. It is difficult to reconcile the position of a tavern operator who is found guilty under the provisions of the Illinois Dramshop Act with the innocent party position established by such precedents, since by the terms of the Act the tavern operator must necessarily be a tort-feasor and so penalized by statute. As a consequence, since the Illinois Dramshop Act does not grant any rights of indemnity or subrogation or contribution and is penal in nature (Wanack v. Michels, 215 Ill. 87. 94–96), and since on principle, indemnity or contribution or subrogation is allowed only to innocent parties (Wanack v. Michels, supra; Geneva Const. Co. v. Martin Transfer & Storage Co., 4 Ill.2d 273, 282–283), we do not believe that it would be consistent with the general equitable principles which sanction the third-party action, nor consistent with the objectives of the Dramshop Act to allow the third-party procedure attempted in the case before us (Economy Auto Ins. Co. v. Brown, 334 Ill. App. 579, 586–589; People v. Metropolitan Casualty Ins. Co. of New York, 339 Ill. App. 514, 518–519). By the Dramshop Act the Legislature has expressed the public policy of our State. In our opinion the allowance of the claim for indemni-

fication sought herein would violate the policy so expressed.

We must, therefore, conclude that the action of the Circuit Court of Williamson County in allowing the motion to dismiss and in entering judgment against the third-party plaintiffs in favor of the third-party defendant was proper and should be affirmed.

Judgment affirmed.

SCHEINEMAN, P. J. and BARDENS, J., concur.