James A. Geocaris, Plaintiff, v. Charles R. Bangs, et al., Defendants, and Charles R. Bangs, et al., Counter-claimants-Appellants, v. William Reed, Counterde-fendant-Appellee.

Gen. No. 51,271.

First District.

January 3, 1968.

Heineke, Conklin & Schrader, of Chicago (William H. Schrader and Edwin A. Strugala, of counsel), for appellants.

Eugene T. Noonan, of Chicago (Raymond, Mayer, Jenner & Block, of counsel), for appellee.

MR. JUSTICE CRAVEN delivered the opinion of the court.

Plaintiff filed a two-count complaint. In the first count, he asserted a cause of action against the defendants as owners and operators of a dramshop. This count alleged that the defendants caused the intoxication, in whole or in part, of one William Reed and that Reed, while so intoxicated, assaulted the plaintiff. This count of the complaint was predicated upon the Dram Shop Act (Ill Rev Stats 1963, c 43, § 135). The second count of the complaint was an action for .assault against the defendant Reed, the allegation being that Reed "maliciously struck and beat" plaintiff.

The defendants named in Count I filed a counterclaim against the counterdefendant, William Reed, setting forth the nature of the initial complaint, alleged a duty on the

part of Reed as a patron in the dramshop to the counter-plaintiffs, and asserted a right of action against Reed for indemnity in the event that the plaintiff should recover from the defendants in the original action. The circuit court dismissed the counterclaim and made an appropriate finding, pursuant to the provisions of section 50 of the Civil Practice Act (Ill Rev Stats 1965, c 110, § 50), that there was no just reason to delay an appeal. The order of dismissal was final in nature in that the counterclaim was dismissed and counterclaimants were ordered to take nothing by their counterclaim and that defendant go hence without day. A notice of appeal was filed, the original appeal being to the Illinois Supreme Court. That court, on motion of appellee, found that no substantial constitutional question was presented and transferred the cause to this court.

■ After the filing of briefs and after oral argument, the appellee filed a motion to dismiss the appeal. That motion and the suggestions in support thereof and in opposition thereto have been taken with the case. The appellee, Reed, asserts that the order appealed from was not final and that, by reason of this fact, this court is without jurisdiction of the appeal. The lateness of the motion is immaterial if, in fact, this court has no jurisdiction. It requires no citation of authority to establish that an appeal should be dismissed by this court on its own motion, if necessary, if there is want of jurisdiction due to the absence of a final appealable order.

The appellee relies upon Hawthorne-Mellody Farms Dairy, Inc. ex rel. Lumbermens Mut. Cas. Co. v. Elgin, J. & E. Ry, 18 Ill App2d 154, 151 NE2d 393 (1st Dist 1958). In that case, a third-party complaint was dismissed without prejudice and there was no express finding pursuant to section 50 of the Civil Practice Act. The court there held that the absence of such a finding made the order not appealable since the order in that case dis-

posed of less than all the claims or rights of fewer than all of the parties.

██ The dismissal of a third-party complaint for indemnity, coupled with a finding by the trial court that there is no just reason to delay an appeal, is a final and appealable order. Suvada v. White Motor Co., 32 Ill2d 612, 210 NE2d 182 (1965) ; Parsons v. Kuhne-Simmons Co., 76 Ill App2d 121, 221 NE2d 168 (4th Dist 1966) ; Sargent v. Interstate Bakeries, Inc., 86 Ill App2d 187, 229 NE2d 769 (1st Dist 1967). The motion to dismiss the appeal is denied.

As we view this record, the sole issue presented by the pleadings is whether, as a matter of law, the counterplaintiffs may maintain an action in the nature of indemnity against Reed. In Coffey v. ABC Liquor Stores, Inc., 13 Ill App2d 510, 142 NE2d 705, the court held that such an action could not be maintained. The court there stated:

> "While the liability imposed upon liquor sellers by the Dram Shop Act is purely of statutory origin, it is nonetheless a liability which the liquor dealers agree to accept and be bound by upon entering the liquor business. In all the cases which were directed to our attention on appeal, permitting indemnification as against a tortious third party as an exception to the joint tort-feasor rule, the parties were all innocent parties who established the right of indemnification as against contractors, or servants, or others. It is difficult to reconcile the position of a tavern operator who is found guilty under the provisions of the Illinois Dram Shop Act with the innocent party position established by such precedents, since by the terms of the Act the tavern operator must necessarily be a tort-feasor and so penalized by statute. As a consequence, since the Illinois Dram Shop Act does not grant any rights of indemnity or

subrogation or contribution and is penal in nature (Wanack v. Michels, 215 Ill 87, 94–96, 74 NE 84), and since on principle, indemnity or contribution or subrogation is allowed only to innocent parties (Wanack v. Michels, supra; Geneva Construction Co. v. Martin Transfer & Storage Co., 4 Ill2d 273, 282–283, 122 NE2d 540), we do not believe that it would be consistent with the general equitable principles which sanction the third-party action, nor consistent with objectives of the Dram Shop Act to allow the third-party procedure attempted in the case before us (Economy Auto Ins. Co. v. Brown, 334 Ill App 579, 586–589, 79 NE2d 854; People v. Metropolitan Casualty Ins. Co., 339 Ill App 514, 518–519, 90 NE2d 565). By the Dram Shop Act the Legislature has expressed the public policy of our State. In our opinion the allowance of the claim for indemnification sought herein would violate the policy so expressed." Coffey v. ABC Liquor Stores, Inc., 13 Ill App2d 510, 514, 142 NE2d 705, 707 (4th Dist 1957).

In the case of McDonald v. Trampf, 49 Ill App2d 106, 198 NE2d 537 (1st Dist 1964), the court considered the same area of public policy and concluded that the driver of an automobile who causes an accident could not get contribution from tavern operators who caused or contributed to the intoxication of the driver. The court there stated that the right to collect under the Dram Shop Act was given only to the person injured or the personal representative.

■ Section 135 of chapter 43 provides for an action by persons who are injured in their person or property, or means of support, by any intoxicated person, against any person or persons who shall have caused the intoxication, in whole or in part, of such person. This right of action is extended to the owner or lessor of dramshop

85

premises and the statute, in its present form, is a substantial reenactment of the Dram Shop Act of 1874. The Dram Shop Act is penal in nature and it has as its object and purpose protection of the public and the placing of responsibility for injuries caused by intoxication. This is clear from section 1 of the Act (par 94 of c 43) and from the many cases discussing it. See Emory v. Addis, 71 Ill 273; Dworak ex rel. Allstate Ins. Co. v. Tempel, 17 Ill2d 181, 161 NE2d 258 (1959); Lichter v. Scher, 11 Ill App2d 441, 138 NE2d 66 (1st Dist 1956); Standard Industries, Inc. v. Thompson, 19 Ill App2d 319, 152 NE2d 500 (1st Dist 1958). The Dram Shop Act does not grant any rights of indemnity nor does it expressly preclude indemnity.

In Coffey, the conclusion of the court was that the allowance of an action for indemnity would violate the public policy of the state as expressed in the dramshop legislation. We are unable to agree. The remedy afforded by the statute is in no way diminished by the allowance of indemnification in a case such as this. The plaintiff does not suffer a decrease in his rights.

Under the allegations found in these pleadings, it may well be that the evidence will establish that the defendants' liability is by reason of the statute and that the action of the intoxicated person, being intentional and malicious, may have been the active and primary cause of the plaintiff's injury. Under this set of allegations, it was error to dismiss the counterclaim.

The right to indemnity, as succinctly stated in Sargent v. Interstate Bakeries, Inc., stands upon the principle that everyone is responsible for the consequences of his own acts. We know of no exception to this rule as it relates to intoxication that is relevant under these pleadings. In the Sargent case, the court discusses the rule prohibiting contribution among joint tort-feasors and the development in Illinois of indemnification as an exception to the

86

rule. The reasoning of the court in that case is equally applicable here.

■ At this, the pleading stage, it is impossible to ascertain the right of the counterplaintiffs to indemnity. It is possible, however, to ascertain that the counterplaintiffs may be entitled to indemnity and that neither the Dram Shop Act nor public policy absolutely preclude the right to indemnity. We can only look at the pleadings and not speculate upon subsequent evidentiary matters. The third-party complaint need not establish an absolute right to recovery but need only show a possibility of recovery. As stated in Miller v. DeWitt, 37 Ill2d 273, 226 NE2d 630 (1967), a third-party complaint should not be dismissed unless it appears from the pleadings that in no event could the third-party plaintiff have an action over against the third-party defendant, and unless it does so appear the issue should go to the jury to determine the respective rights and liabilities of the third-party plaintiff and the third-party defendant inter se. See also Blaszak v. Union Tank Car Co., 37 Ill App2d 12, 184 NE2d 808 (1st Dist 1962).

The judgment of the circuit court of Cook County dismissing the counterclaim is reversed and the cause is remanded to that court for further proceedings consistent with the views herein expressed.

Reversed and remanded with directions.

SMITH, P. J. and TRAPP, J., concur.