DWIGHT HEDRICK, Plaintiff-Appellee, *v.* GOODWIN BROTHERS, INC., Defendant-Appellant.—(FORD MOTOR COMPANY, Third-Party Defendant-Appellee.)

(No. 12600;

Fourth District—March 20, 1975.

Jack C. Vieley, of Peoria, for appellant.

Costigan, Wollrab, Fraker, Wochner & Neirynck, of Bloomington, for appellee.

Mr. JUSTICE GREEN delivered the opinion of the court:

Defendant corporation appeals from a summary judgment entered against it in the sum of $1000 and from the dismissal with prejudice of its third-party complaint against Ford Motor Company. By its answer to the original complaint, defendant admitted that it contracted in writing with plaintiff for the sale by it to the plaintiff of a Camper Special Ford vehicle on May 14, 1973, for $4392.09 and that plaintiff made a down payment in the sum of $1000. The contract, a copy of which was attached to the complaint, was on a form which contained the words "to be delivered on or about" and had a blank space thereafter. No date of delivery was stated elsewhere in the document. The balance of the complaint was denied by the answer. It alleged oral representations by defendant as to date of delivery, the failure to make timely delivery, and the demand by plaintiff for the return of his down payment.

■■ Upon plaintiff's motion for summary judgment supported by his affidavit, defendant's answer thereto and a hearing held thereon, the summary judgment was entered. Summary judgments are to be rendered if the pleadings, depositions, admissions and affidavits on file show that there is no genuine issue as to a material fact and the movant is entitled to relief as a matter of law. (Ill. Rev. Stat. 1973, ch. 110, par. 57(3)). Defendant contends that there was a genuine issue of material fact, but does not say what that issue was.

Plaintiff contends that the facts set forth in his affidavit in support of his motion were uncontradicted because defendant's answer thereto did not meet the requirements of Supreme Court Rule 191 which provides:

> "Affidavits in support of and in opposition to a motion for summary judgment under section 57 of the Civil Practice Act * * * shall be made on the personal knowledge of the affiants; shall set forth with particularity the facts upon which the claim, counterclaim, or defense is based; shall have attached thereto sworn or certified copies of all papers upon which the affiant relies; shall not consist of conclusions but of facts admissible in evidence; and shall affirmatively show that the affiant, if sworn as a witness, can

testify competently thereto." Ill. Rev. Stat. 1973, ch. 110A, par. 191(a).

■■ The answer was signed by defendant's attorney and attached was the affidavit of James Goodwin who swore that he was an officer of defendant and "that he is familiar with the facts in this cause of action and has dealt with the Plaintiff throughout the period of time from May 14, 1973, to the present, that he has read the aforegoing answer and that all facts and matters contained therein are true and correct to the best of his knowledge, information, and belief."

The affidavit did not show that affiant could competently testify to any allegations of the answer and did not state which statements were based on his knowledge and which on his information and belief. Affidavits on information and belief are insufficient to oppose a motion for summary judgment. (*Joseph H. O'Brien Co. v. Highland Lake Construction Co.*, 9 Ill.App.3d 408, 292 N.E.2d 205.) Defendant's answer to the motion was properly disregarded.

Defendant apparently relies on this answer to establish a factual issue. He does not argue that plaintiff's affidavit is bad in form nor does he complain that the considering of oral statements to supply the missing term of time of delivery under the written contract was error. We, therefore, need not consider these questions. Much in plaintiff's affidavit is extraneous, but it does say that he had all of his negotiations with James Goodwin, an officer of defendant; that it was represented to him on the date of the contract that the vehicle would be delivered to him in June 1973; that subsequent promises were made but no delivery was made through August of 1973; that he intended to use the vehicle for camping that summer and defendant was informed of this; that the models changed from 1973 to 1974 during the period of waiting and that he made demand for the return of his deposit.

■■ Knowledge by the parties to a contract that timely performance is necessary for a contract to accomplish its purpose makes time of the essence of the contract. (*Bloomington and Normal Railway and Light Co. v. DeMange*, 229 Ill.App. 108.) Plaintiff's known intent to use the vehicle for camping during the summer in question made timely performance necessary here and failure to make delivery was a material breach. Plaintiff's affidavit set forth grounds for recovery and the summary judgment was proper.

■■ Defendant also claims error in the dismissal with prejudice of its third-party complaint. It sought indemnity in the event it was liable in the original action, but the third-party complaint did not set forth any relationship between it and third-party defendant that could give rise

to such an obligation. For instance, no allegation was made that Ford Motor Co. contracted to furnish any vehicle to defendant. While a third-party complaint need show only a possibility of recovery (*Geocaris v. Bangs*, 91 Ill.App.2d 81, 234 N.E.2d 17), it must show a relationship between the parties upon which a duty can be predicated. (*Muhlbauer v. Kruzel*, 39 Ill.2d 226, 234 N.E.2d 790.) This action of the trial court was also proper.

The judgments appealed from are affirmed.

Affirmed.

SIMKINS, P. J., and CRAVEN, J., concur.