JAMES GABLE *et al.*, Co-Ex'rs of the Estate of Charles A. Gable, Deceased, Plaintiffs, v. JOHN REZNICK, Defendant and Third–Party Plaintiff-Appellant (James Gable *et al.*, Third–Party Defendants-Appellees).

Fifth District No. 5—87—0838

Opinion filed May 16, 1989.

Burroughs, Simpson, Hepler, Broom & MacDonald, of Edwardsville, for appellant.

Roger L. Vetter, of Vassen, Vetter & Meives, P.C., of Belleville, for appellees.

PRESIDING JUSTICE WELCH delivered the opinion of the court:

Third-party plaintiff John Reznick appeals from the judgment of the circuit court of Fayette County entered November 12, 1987, dismissing his third-party complaint for failure to state a claim upon which relief could be granted.

On December 16, 1978, Charles A. Gable died leaving his entire estate to his only two children, James Gable and Charleen Meador. As appointed co-executors, the deceased's two children retained, for the purpose of providing legal services, defendant and third-party plaintiff John Reznick, attorney at law. The primary asset of the estate was four parcels of property used for farming. On August 31, 1983, plaintiffs James Gable and Charleen Meador, acting in their capacity as co-executors of the estate of the deceased, Charles A. Gable, filed a complaint on behalf of the estate seeking to recover damages resulting from attorney Reznick's negligent failure to timely file the Federal estate tax return, resulting in the loss of the special use valuation pursuant to section 2032A of the Internal Revenue Code. (26 U.S.C.S. §2032A (Law. Co-op. 1978).) Attorney Reznick admitted liability, but denied that plaintiffs suffered damages to the extent claimed.

On October 3, 1985, defendant Reznick filed a third-party complaint naming James Gable and Charleen Meador individually, seeking judgment against them for any amount he was obligated to pay them in their positions as co-executors of the estate of the deceased, Charles Gable. Attached to third-party plaintiff Reznick's complaint was an instrument signed by James Gable and Charleen Meador which would have obligated them to pay any additional or recapturable estate tax due in the event that the land for which they sought a special valuation under section 2032A was no longer used for a purpose authorized under section 2032A. This instrument, signed by the co-executors, entitled "Consent and Agreement," would have created a valid and binding consent agreement between the Internal Revenue Service and the co-executors; however, the instrument never became an enforceable agreement because attorney Reznick failed to timely file the petition for a special valuation, to which the "Consent and Agreement" was attached.

On October 17, 1985, third-party defendants filed a motion to strike the third-party complaint. Following a hearing, the trial court dismissed with prejudice the third-party complaint for failing to state a cause of action. This appeal followed.

■ The sole issue presented for our consideration is whether the trial court erred in dismissing with prejudice third-party plaintiff's

complaint. Illinois is a fact-pleading State, requiring that plaintiffs allege facts sufficient to bring a claim within the scope of a legally recognized cause of action. (*People ex rel. Fahner v. Carriage Way West, Inc.* (1981), 88 Ill. 2d 300, 308, 430 N.E.2d 1005, 1008-09.) The granting of a motion to strike or dismiss is within the sound discretion of the trial court. (*Knox College v. Celotex Corp.* (1981), 88 Ill. 2d 407, 422, 430 N.E.2d 976, 983.) We are unable to find that the trial court abused its discretion in the present case.

Notwithstanding that the "Consent and Agreement" signed by the third-party defendants and attached to the third-party complaint never became valid and binding, attorney Reznick relied on this instrument in his third-party complaint, and relies on it in the current appeal. According to attorney Reznick, the consent agreement, although never becoming an enforceable contract, should be considered a basis upon which he may subrogate himself to the rights of the Internal Revenue Service; therefore, his complaint should not have been dismissed.

 █ Subrogation requires that the subrogor, here the Internal Revenue Service, possess an enforceable right against a third party, here the co-executors of the Gable estate, and that the subrogee, here attorney Reznick, seeks to enforce the subrogor's right. (*Continental Casualty Co. v. Polk Brothers, Inc.* (1983), 120 Ill. App. 3d 395, 457 N.E.2d 1271.) A subrogee has no greater rights than the subrogor and can enforce only the rights of the subrogor. (*Blume v. Evans Fur Co.* (1984), 126 Ill. App. 3d 52, 466 N.E.2d 1366.) In the present case, the Internal Revenue Service does not have the rights to which attorney Reznick seeks to subrogate himself; thus, there can be no subrogation.

The right to which attorney Reznick wishes to be subrogated is the right which would have been conferred upon the Internal Revenue Service had attorney Reznick not been negligent in filing the consent form. This instrument would have obligated the co-executors to assume liability for any additional or recapturable estate taxes under the Internal Revenue Code, section 2032A(c), in the event of early disposition of the specially valued property or early cessation of the qualified use. As a result of attorney Reznick's failure to file this instrument, the co-executors assumed no liability for any additional or recapturable estate taxes under section 2032A, and therefore, the Internal Revenue Service obtained no enforceable rights which attorney Reznick might subrogate. In fact, because of attorney Reznick's negligence, the co-executors were deprived of their right to elect the alternate valuation of the estate property for inheritance tax purposes. Be-

cause they were deprived of this right, it follows that there could be no additional or recapturable taxes arising from a subsequent forfeiture of such a nonexistent right. In sum, the Internal Revenue Service did not have an enforceable right under section 2032A to which attorney Reznick could subrogate himself.

■ Attorney Reznick argues further that he has an equitable interest in subrogating himself to a right the Internal Revenue Service would have obtained had the alternate valuation and the attached consent agreement been timely filed. In effect, this interpretation would grant attorney Reznick a negative covenant obligating the co-executors to continue farming the inherited property for at least 15 years or pay him an amount equal to the recapturable inheritance tax which could have been imposed pursuant to section 2032A for their failure to continue farming for a period of at least 15 years. Such a negative covenant cannot be granted because, due to attorney Reznick's negligence, the co-executors had no legal obligation to continue farming the property. Nor may such a negative covenant be contrived based on other circumstances existing between the parties. Moreover, even were we to apply subrogation rights liberally, such that based on principles of equity attorney Reznick would be entitled to subrogate himself to a right the Internal Revenue Service would have had were it not for his own negligence, we would still find that he is not entitled to subrogate because subrogation is allowed only to innocent parties. (*Coffey v. ABC Liquor Stores, Inc.* (1957), 13 Ill. App. 2d 510, 142 N.E.2d 705.) Therefore, we find that the trial court properly dismissed attorney Reznick's third-party complaint for failure to state a cause of action upon which relief may have been granted.

For the foregoing reasons, the judgment of the circuit court of Fayette County dismissing the third-party complaint is hereby affirmed.

Affirmed.

HARRISON and HOWERTON, JJ., concur.