574

CECIL S. LINSON, Adm'r of the Estate of John Adolph Linson, Deceased, Plaintiff-Appellant, *v.* ROBERT H. CROW *et al.*, d/b/a The Jug Tavern, *et al.*, Defendants-Appellees.

Fifth District No. 75-231

Opinion filed March 12, 1976.—Rehearing denied April 12, 1976.

Richard L. Kline, of Woodcock & Hux, of Mt. Carmel, for appellant.

Douglas A. Enloe, of Gosnell, Benecki & Borden, Ltd., of Lawrenceville, for appellees.

Mr. PRESIDING JUSTICE KARNS delivered the opinion of the court:

The plaintiff-appellant brought an action for injury to means of support under the Illinois Dram Shop Act (Ill. Rev. Stat. 1973, ch. 43, par.

135). From an order of the Circuit Court of Wabash County granting defendants' motion for summary judgment, plaintiff appeals.

The plaintiff-appellant, Cecil Linson, is the administrator of the estate of John Adolph Linson. He brought this action to recover damages for injury to decedent's wife and five minor children in their means of support against Robert and Sharon Crow, operators of the Jug Tavern in Mt. Carmel, Illinois, resulting from the death of decedent in consequence of his intoxication.

The only question on appeal is whether the amended complaint alleges facts which if proved would entitle the plaintiff to recover under the Dram Shop Act. Defendants are entitled to summary judgment if the affidavits, pleadings, depositions and admissions on file, when construed most favorably to the plaintiff, show that no genuine issue of a material fact exists, and they are entitled to judgment as a matter of law. (Ill. Rev. Stat. 1973, ch. 110, par. 57(3); *Greenwood v. Leu*, 14 Ill. App. 3d 11, 302 N.E.2d 359 (1973).) Plaintiff asserts that as a matter of law the complaint states a cause of action and his uncontradicted affidavit demonstrates that the decedent died in consequence of his intoxicated condition and therefore defendants are not entitled to summary judgment. Defendants insist that there are no allegations which could establish that the injury to means of support resulted from, that is was "in consequence of," deceased's intoxication.

The amended complaint alleged, that Linson became intoxicated because he had been served a large quantity of alcoholic beverages by the defendants; that outside the defendants' tavern he was assaulted by another person who had been in the tavern; that because of his intoxicated condition he was unable to defend himself against the assault; as a consequence of the assault he was knocked to the sidewalk and sustained fatal injuries; and that because of these acts "which occurred as a direct consequence" of the decedent's consumption of alcoholic liquor at the defendants' tavern, "his death occurred and his wife and five minor children suffered damage to their means of support."

The parties' principle dispute is whether the above allegations state a cause of action for injury to means of support under the Dram Shop Act. We believe they do not.

In an action brought for damages "in consequence of" the intoxication of any person, the claimant must allege and prove that intoxication was the proximate cause of the injury. (*Danhof v. Osborne*, 11 Ill. 2d 77, 142 N.E.2d 20 (1957); *Schwehr v. Badalamenti*, 14 Ill. App. 2d 128, 143 N.E.2d 558 (1957); *Caruso v. Kazense*, 20 Ill. App. 3d 695, 313 N.E.2d 695 (1974).) Although intoxication need not be the sole cause of the injury it must be an effective cause. "It is only where

the cause of the injury or death would have occurred regardless of intoxication that it can be held as a matter of law the intoxication is not the proximate cause." *Schwehr v. Badalamenti,* 14 Ill. App. 2d 128, 132, 143 N.E.2d 558, 560. See also *St. Clair v. Douvas,* 21 Ill. App. 2d 444, 454, 158 N.E.2d 642, 648 (1959); *Edenburn v. Riggins,* 13 Ill. App. 3d 830, 836, 301 N.E.2d 132, 136 (1973).

■■ The complaint alleged the cause of Linson's death to be his inability to defend himself because of his intoxication, against the unprovoked assault. No allegation was made that the assault was in any way caused by decedent's intoxication which would state a basis for recovery. (*Cf. Casey v. Burns,* 7 Ill. App. 2d 316, 129 N.E.2d 440 (1955).) No action for injury to means of support lies where the decedent's intoxication merely makes him more vulnerable to an assault which is not caused or logically related to the decedent's drinking. (*Danhof v. Osborne.*) In *Danhof* our Supreme Court held that liability under the Dram Shop Act did not extend to a case where an assault was prompted by matters independent of the sale of alcoholic beverages, even though because of his intoxicated condition, the person attacked could not defend himself. The court ruled that, as a matter of law, injuries sustained because an intoxicated person could not defend himself against an assault not logically related to the drinking, were not reasonably foreseeable. This is consistent with the long-standing rule in Illinois that where the cause of the injury is an intervening, independent act of a third person and intoxication is merely a condition which contributes to the injury, that intoxication is not a proximate cause of the injury. (*Triggs v. McIntyre,* 215 Ill. 369, 74 N.E. 400 (1905); *Shugart v. Egan,* 83 Ill. 56, 58 (1876).) Although the instant complaint states that the decedent's assailant had been in the tavern immediately before the attack, we do not believe that this lone allegation indicates that the assault was logically related to defendants' activities, since the attack was specifically alleged to have been unprovoked and there is no other indication that the attack was in consequence of the deceased's intoxication. Therefore, the allegations of the complaint fall squarely within the rule of *Danhof* and fail to state a cause of action.

For the foregoing reasons the judgment of the Circuit Court of Wabash County is affirmed.

Affirmed.

JONES and CARTER, JJ., concur.