JUDY K. MORGAN et al., Plaintiffs, v. KIRK BROS., INC., et al., Defendants.—(Kirk Bros., Inc., Defendant and Third-Party Plaintiff-Appellant, v. Beggs Enterprises, Inc., et al., Third-Party Defendants-Appellees.)

Second District   No. 82—184

Opinion filed December 9, 1982.—Rehearing denied February 10, 1983.

John L. Schroeder, of Gooding & Schroeder, Ltd., of Geneva, for appellant.

Barry L. Kroll, Nunzio C. Radogno, and C. Barry Montgomery, all of Jacobs, Williams & Montgomery, of Chicago, for appellees.

PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

Whether "An Act in relation to contribution among joint tortfeasors" (hereinafter the Contribution Act) (Ill. Rev. Stat. 1981, ch. 70, par. 302) allows a cause of action for contribution against one whose liability arises from an alleged violation of the Dramshop Act (Ill. Rev. Stat. 1981, ch. 43, par. 135) is the question posed by this appeal.

Judy Morgan was injured as the result of a collision between the automobile in which she was a passenger, being driven by Bernard N. Bailey, Jr., and a truck owned by Kirk Bros., Inc. (Kirk), being driven by Paul Joyce, its employee. Kirk filed a third-party suit against

Beggs Enterprises, Inc., Recreation Services, Inc., and Varsity Inn, Inc. (the Dramshops). The third-party complaint contained allegations that the dramshops sold and served alcoholic liquor to Bailey, he became intoxicated, while intoxicated collided with the Kirk vehicle, and as a direct and proximate result of the acts of Bailey while intoxicated the original plaintiffs, Judy K. Morgan and Jerry Lee Morgan, her husband, sustained injury. The third-party plaintiff states that if judgment is entered against it in the Morgans' suit that judgment be entered against the dramshops "by virtue of the provisions of §135 of Chapter 43 of the Illinois Revised Statutes" (the Dramshop Act) and in favor of the third-party plaintiff "in such amount, by way of contribution, as would be commensurate with the Dram Shop Act."

The Dramshops moved to dismiss the third-party complaint, contending that it did not state a cause of action either under the Dramshop Act or under the Contribution Act. The trial court granted the motion of Recreation Services, Inc., and made final its ruling that Kirk, as a matter of law, could not obtain contribution from a party subject to potential dramshop liability.

Recreation Services (hereinafter referred to as the Dramshop) is the only dramshop defending the appeal.

The contribution statute, as material, states:

> "where 2 or more persons are subject to liability in tort arising out of the same injury *** there is a right of contribution among them ***." Ill. Rev. Stat. 1981, ch. 70, par. 302(a).

The "same injury," that to the plaintiffs in the original suit, is undeniably involved. Whether the Dramshops are "subject to liability in tort" is the initial question raised. The Dramshop argues, and it is undisputed, that its liability is solely based on the Dramshop Act.[1] The further refinement of that argument is that the Dramshop Act requires the Dramshop to respond in damages only to one who is injured in his person or property by an intoxicated person; and that Kirk is not claiming for its own personal injury. The Dramshop notes that a claim for pecuniary loss has been held not to constitute "property damages" under the Dramshop Act. (*Eager v. Nathan* (1957), 14 Ill. App. 2d 418, 423.) We agree that Kirk could not have recovered against the Dramshops under the Dramshop Act. That, however, is not contested.

---

[1]The Dramshop Act provides as material "[e]very person who is injured in person or property by any intoxicated person, has a right of action in his own name, severally or jointly, against any person who by selling or giving alcoholic liquor, causes the intoxication of such person." Ill. Rev. Stat. 1981, ch. 43, par. 135.

Kirk concedes that it cannot sue the Dramshops directly under that statute and that prior to the enactment of the Contribution Act it could not have obtained indemnity or contribution from a Dramshop. It contends, however, that the Dramshops are joint tortfeasors under the Contribution Act. The Dramshop contends that its liability is not based on tort but upon a purely statutory regulation of its status, which imposes liability without regard to fault, upon the sale of alcoholic liquor shown to cause the intoxication of the customer. Thus, that there is no common basis to compare the strict liability of a dramshop with the fault liability of the negligent motorist. Further, that the lawful sale of alcoholic liquor is not the proximate cause of the injuries to a passenger of an intoxicated motorist involved, as here, in a collision with a negligent motorist.

■■ We cannot agree that the Dramshops are not statutory tortfeasors. The action under the dramshop statute and its predecessors has long been considered an action in tort. (*Pisa v. Holy* (1904), 114 Ill. App. 6, 7. See also *Dworak v. Tempel* (1959), 17 Ill. 2d 181, 191; *Wanack v. Michels* (1905), 215 Ill. 87, 94-95; *Coffey v. ABC Liquor Stores, Inc.* (1957), 13 Ill. App. 2d 510, 514.) Liability by statute is imposed on dramshops not merely because of their "status," which is a lawful but regulated business, but because, when they are shown to have caused the intoxication of persons who as a result of the intoxication cause injury to others, they are denominated as wrongdoers. *Wessel v. Carmi Elks Home, Inc.* (1971), 133 Ill. App. 2d 902, 905, *aff'd* (1973), 54 Ill. 2d 127.

The Dramshop seeks to distinguish its liability from liability "which results from a breach of a duty imposed by statute" and argues that various statutes commonly said to impose "statutory liability" differ significantly from the Dramshop Act in that each creates a tort law duty upon certain classes of defendants and the ensuing tort liability flows from a breach of that duty. It gives as examples the Scaffold Act imposing on persons engaged in construction activity certain duties towards workmen, the Road and Bridges Act imposing upon persons engaged in road and bridge construction certain duties towards workmen and members of the public and the Public Utilities Act imposing upon persons operating certain utility services duties towards workmen and members of the public. In contrast the Dramshop argues that the Dramshop Act does not impose any duty on the tavern operator with respect to his conduct. With this we cannot agree. The Dramshop Act is but one example of legislation creating new rights founded on tortious conduct. (See Restatement (Second) of Torts Sec. 874A, Comment *b*, at 301 (1979).) To the extent taverns'

sale or gift of intoxicating liquors causes in fact the intoxication of persons and as the result of the intoxication causes injury to others requiring them to answer in damages, a standard of conduct is prescribed, a duty to which they are required to conform.

■ The Dramshop's further argument that it cannot be considered a "joint tortfeasor" with the negligent motorist does not address the full scope of the contribution statute. Although the act is styled "An Act in relation to contribution among joint tortfeasors," neither section 302(a) nor the published Legislative History requires that the tortfeasors be joint in the strict sense, that their tortious acts be simultaneous, or that they act in concert before contribution will lie.[2] The only apparent requirement for contribution between co-tortfeasors is that recovery over be based on the same injury to person or property. Thus, the act permits contribution where co-tortfeasors are concurrent (Legislative History compiled by Chicago Bar Association, at 1 (12-1-81); see Comment, *Comparative Contribution: The Legislative Enactment of the Skinner Doctrine*, 14 J. Mar. L. Rev. 173, 182 (1980)) or successive (see Horan, *Contribution In Illinois: Skinner v. Reed-Prentice and Senate Bill 308*, 61 Chi. Bar Rec. 331 (1980)) as long as the same injury is involved.

We consider the further contention that no-fault liability cannot be compared with the fault liability of Kirk, a negligent tortfeasor. The Dramshop reads the supreme court's seminal decision in *Skinner v. Reed-Prentice Division Package Machinery Co.* (1977), 70 Ill. 2d 1, 13, as involving a contribution claim under which the manufacturer and plaintiff's employer downstream were subject to the same common law standard in products liability. The absence of a similar denominator in this case, it is argued, precludes the contribution claim.

In *Skinner*, the Illinois Supreme Court held that damages are to be equitably apportioned according to the "relative degree to which

---

[2]The currently accepted definition of the term "joint tortfeasors" includes all cases where there is joint liability for a tort, whether the acts of those liable were concerted, merely concurrent, or even successive in time; and that definition has been followed under the statutes allowing contribution. (Leflar, *Contribution and Indemnity Between Tortfeasors*, 81 U. Pa. L. Rev. 130, 131 n.9 (1932): Comment, *Comparative Causation, Indemnity, and the Allocation of Losses Between Joint Tortfeasors in Product-Liability Cases*, 10 St. Mary's L. J. 587, 588 n.5 (1979).) It has been recommended that the term be rejected in favor of the term "co-tortfeasors" (Note, *Contribution and Indemnity-An Examination of the Upheaval in Minnesota Tort Law Allocation Concepts*, 5 Wm. Mitchell L. Rev. 109, 110 n.1 (1979)) and courts elsewhere agree that the term "co-tortfeasors" is more precise. See *Jones v. Fisher* (Minn. 1981), 309 N.W.2d 726, 728; *Pachowitz v. Milwaukee & Suburban Transport Corp.* (1972), 56 Wis. 2d 383, 386, 202 N.W.2d 268, 270.

the defective product and the employer's conduct proximately caused them." (70 Ill. 2d 1, 14.) This language avoids applying the principles of fault based upon negligence to defendants who are strictly liable, or, we believe, to defendants whose liability is based upon a form of wrongdoing defined by a statute such as the Dramshop Act, which is not a common law tort. Appel & Michael, *Contributions Among Joint Tortfeasors in Illinois: An Opportunity for Legislative and Judicial Cooperation,* 10 Loy. Chi. L. J. 169, 182 (1979); see Note, *A Judicial Rule of Contribution Among Tortfeasors in Illinois,* 1978 U. Ill. L. F. 633, 647.

■ Contrary to the Dramshop's contention, the majority in *Skinner* did not apply the principle of comparative causation to tortfeasors subject to a "common standard of comparison." (See *Skinner v. Reed-Prentice Division Package Machinery Co.* (1977), 70 Ill. 2d 1, 19 (Ward, C. J., dissenting); 12 J. Mar. Prac. J. & Proc. 165, 173-74 (1978).) Rather, the *Skinner* majority fashioned an equitable rule by which a strictly liable manufacturer may obtain contribution from a co-tortfeasor whose misuse of the defective product or assumption of an actually known risk diminishes, but does not extinguish, the strict liability of the manufacturer. Compared with the strict liability of the manufacturer, the downstream party's misuse of the product or assumption of the known risk involves conduct more culpable than passive negligence. See Appel & Michael, 10 Loy. Chi. L. J. 169, 183 (1979).

Thus, contribution is not prevented by the fact that, in this case, the motorist and the Dramshops are subject to a common liability to an injured party resting on different theories rather than on a common standard of wrongdoing. Only recently we held that the principles of causation of *Skinner* are to be read into the new Contribution Act. (*Doyle v. Rhodes* (1982), 109 Ill. App. 3d 590, 594.) One who is culpable in contributing to an injury in the sense that her wrongful conduct in some part caused the injury may be liable for contribution under the broad language of the statute. *Doyle v. Rhodes* (1982), 109 Ill. App. 3d 590, 593.

We note that decisions from other jurisdictions are in accord that the liability necessary for contribution is not limited to a common tort and need not be based upon the same ground for each defendant. (See generally 1 J. Dooley, Modern Tort Law sec. 26.22 (1982).) In *Farmers Insurance Exchange v. Village of Hewitt* (1966), 274 Minn. 246, 143 N.W.2d 230, the Minnesota Supreme Court held that the driver of an automobile and the vendor making an illegal sale of intoxicating liquor were jointly liable to the injured parties although the

liability of one rested on common law negligence and the other on the Minnesota version of the Dramshop Act. The court noted that "the parties having a common liability to the injured persons, it is no bar to contribution that their liability rests on different grounds." (274 Minn. 246, 253, 143 N.W.2d 230, 235.) While conceding that the Wrongful Death Act under which one of the parties was liable in negligence and the Civil Damage Act under which the dramshops were regulated were wholly unrelated as to scope and purpose, the court concluded that the liability created under both statutes was a common liability. (274 Minn. 246, 251, 143 N.W.2d 230, 234. See also *Federated Mutual Implement & Hardware Insurance Co. v. Dunkelberger* (Iowa 1969), 172 N.W.2d 137, 142; *Anderson v. Comardo* (1981), 107 Misc. 2d 821, 829, 436 N.Y.S.2d 669, 674.) Applying the *Skinner* doctrine which compares "causation" instead of "liability" the same result in favor of allowing contribution would appear to be required.

The Dramshop finally contends that the lawful sale of alcoholic liquor, as a matter of law, is not the proximate cause of injuries sustained by the intoxicated driver's passengers. This contention, too, seems without merit.

■ The Dramshop Act gives persons injured in their person, property or means of support by an intoxicated person or in consequence of intoxication a right of action "severally or jointly" against any person who causes the intoxication. (Ill. Rev. Stat. 1981, ch. 43, par. 135; see *Thompson v. Tranberg* (1977), 45 Ill. App. 3d 809, 812.) For this reason, the supreme court has condemned tendered instructions requiring that the jury find the sale of liquor was the proximate cause. (See *Roth v. Eppy* (1875), 80 Ill. 283, 288; *Schroder v. Crawford* (1880), 94 Ill. 357, 362.) The argument of the Dramshop, however, that the acts of the intoxicated person are the proximate cause of the original plaintiffs' injuries while the sale of the liquor is only a remote condition (citing *Miller v. Moran* (1981), 96 Ill. App. 3d 596, and *Cunningham v. Brown* (1961), 22 Ill. 2d 23) does not support the conclusion that the third-party plaintiff, as a matter of law, may not recover contribution from the Dramshops. The intoxication resulting from the sale need not be the sole cause of the injuries. See *Schroder v. Crawford* (1880), 94 Ill. 357, 361; *Linson v. Crow* (1976), 36 Ill. App. 3d 574, 575.

■ In its third-party complaint, Kirk Bros., Inc., alleges in substance that the Dramshops caused the intoxication of the motorist, Bailey, whose passenger sustained injuries when his vehicle struck the rear of defendant's semi-tractor while he was intoxicated. At this, the pleading stage, all facts well pleaded are taken as true. (*Gertz v.*

*Campbell* (1973), 55 Ill. 2d 84, 87; *Suvada v. White Motor Co.* (1965), 32 Ill. 2d 612, 613.) Taking the above pleaded facts as true, whether Bailey's intoxication resulting from the Dramshops' sales of liquor was a proximate cause of injuries to Bailey's passenger would be for the jury. Accord, *Federated Mutual Implement & Hardware Insurance Co. v. Dunkelberger* (Iowa 1969), 172 N.W.2d 137, 144.

We conclude that the third-party's complaint states a cause of action for contribution based on violation of the Dramshop Act. It has been recommended that where, as here, liability is based upon a statute, rather than on common law, the public policies behind the statute must be examined in determining whether contribution will lie. (Appel & Michael, 10 Loy. Chi. L. J. 169, 185-86 (1979).) In decisions before the new Contribution Act, it was held that it is the public policy of this State that those sued under the Dramshop Act cannot diminish their responsibility by being allowed recovery over against a co-tortfeasor. (*Wessel v. Cormi Elks Home, Inc.* (1973), 54 Ill. 2d 127, 132 (dramshop not entitled to implied indemnity from intoxicated motorist involved in vehicular collision causing injuries to third persons); *McDonald v. Trampf* (1964), 49 Ill. App. 2d 106, 120 (intoxicated motorist not entitled to contribution from Dramshops or their insurers since right to collect under Dramshop Act is limited to person injured or personal representative of deceased).) We do not believe public policy is undercut or dramshop liability diminished where a motorist sued for ordinary negligence seeks contribution from dramshops which cause the intoxication of another motorist by selling alcoholic liquor. (*Cf. Dworak v. Tempel* (1959), 17 Ill. 2d 181, 191-92 (allowing automobile insurer of innocently injured motorist to be subrogated in insured's dramshop suit against dramshop and insurer effectuates purposes of Liquor Control Act by indirectly disciplining dramshops which indiscriminately sell alcoholic liquor).) If contribution were denied between the Dramshops and the motorist, the entire burden of a loss, for which each party may have been partially responsible, could be placed on the motorist alone, if the injured party did not sue the Dramshops. See *McDonald v. Trampf* (1964), 49 Ill. App. 2d 106, 120.

Kirk in its third-party complaint prays that if judgment is entered against it by Judy K. Morgan and Jerry Lee Morgan her husband, judgment then be entered in Kirk's favor in such amount by way of contribution "as would be commensurate with" the Dramshop Act. We conclude that the third-party complaint states a cause of action for contribution as prayed and that the trial court erred in dismissing the pleadings as a matter of law.

The judgment of the circuit court of Kane County is reversed and the cause is remanded with directions to vacate the order dismissing the third-party complaint and to thereafter proceed consistent with this opinion.

Reversed and remanded.

LINDBERG and UNVERZAGT, JJ., concur.