WILLIAM K. MONSEN, Plaintiff, v. STEVEN DeGROOT, Defendant and Third-Party Plaintiff-Appellee (American Legion Post No. 1247 *et al.*, Third-Party Defendants-Appellants).

First District (1st Division)   No. 83—3053

Opinion filed February 4, 1985.

· Sherwin Greenberg, of Chicago, for appellants.

Barry L. Kroll, Carol P. Woosley, Mark A. Miller, and Lloyd E. Williams, Jr., all of Jacobs, Williams & Montgomery, Ltd., of Chicago, for appellee.

PRESIDING JUSTICE McGLOON delivered the opinion of the court:

Third-party defendants American Legion Post No. 1247 and Kenneth Monsen appeal the denial of a motion to dismiss an amended third-party complaint for contribution. We granted this interlocutory appeal pursuant to Supreme Court Rule 308 (87 Ill. 2d R. 308). Two issues were certified by the trial court. The first is whether an intoxicated person may seek contribution from a dramshop for injuries to another resulting from the intoxication. The second issue is whether the third-party complaint is governed by the one-year limitation provision of the Dram Shop Act (Ill. Rev. Stat. 1983, ch. 43, par. 135).

We affirm.

On April 29, 1982, William K. Monsen filed an action against Steven DeGroot for damages for injuries sustained in an automobile accident which occurred on March 21, 1981. Monsen was a passenger in a car driven by DeGroot. On September 22, 1982, DeGroot filed a third-party complaint against American Legion Post No. 1247 and Kenneth Monsen seeking contribution.

The pertinent part of the amended third-party complaint alleged that DeGroot became intoxicated as a result of consuming alcoholic

beverages served to him by the American Legion and its employee, Kenneth Monsen, and that the auto accident was caused by DeGroot's intoxication. It further alleged that DeGroot was entitled to contribution under the Contribution Among Joint Tortfeasors Act (Ill. Rev. Stat. 1983, ch. 70, par. 301 *et seq.*) and the Dram Shop Act (Ill. Rev. Stat. 1983, ch. 43, par. 135.) The American Legion and Kenneth Monsen filed a motion to dismiss the amended third-party complaint. The motion was denied by the trial court.

The first question of law certified by the trial court is whether an intoxicated person may seek contribution from a dramshop. The American Legion contends section 6—21 of the Dram Shop Act (Ill. Rev. Stat. 1983, ch. 43, par. 135) is the sole basis for an action against tavern owners and an intoxicated person is not included in the category of persons entitled to recover under the Act. The American Legion therefore concludes that a contribution action filed by an intoxicated person against a dramshop is also prohibited.

Our analysis of this issue begins with the pertinent provisions of the Contribution Among Joint Tortfeasors Act. Section 2 of the Act provides:

"[W]here 2 or more persons are subject to liability in tort arising out of the same injury to person or property *** there is a right of contribution among them ***." (Ill. Rev. Stat. 1983, ch. 70, par. 302(a).)

This statute allows a defendant to shift part of the liability to another who is partly responsible for the loss and whose wrongful conduct proximately caused injury. (*Doyle v. Rhodes* (1984), 101 Ill. 2d 1, 461 N.E.2d 382; *Morgan v. Kirk Brothers, Inc.* (1982), 111 Ill. App. 3d 914, 444 N.E.2d 504.) The only requirement is that the same injury gives rise to liability in tort. *Morgan v. Kirk Brothers, Inc.* (1982), 111 Ill. App. 3d 914, 444 N.E.2d 504.

In *Morgan,* the court addressed an issue similar to that presented in the case at bar. In *Morgan,* plaintiff sustained injuries when the car in which she was riding collided with a truck owned by defendant and driven by defendant's employee. Plaintiff filed a personal injury action against defendant Kirk Brothers, Inc. Defendant filed a third-party complaint against the dramshop which had allegedly served alcohol to the driver of the car in which plaintiff was riding and which allegedly caused the driver's intoxication. In reversing the dismissal of the third-party complaint, the appellate court held that the Contribution Act allows a third-party action against one whose violation of the Dram Shop Act gives rise to liability. The court found that the third-party action was allowed despite the fact that the third-party plaintiff

could not have recovered against the dramshop for his own injuries.

■■ In this case, DeGroot is seeking contribution from the American Legion for the injuries suffered by plaintiff Monsen. Thus, the liability of DeGroot and the American Legion arises from the same injury. Unquestionably, the action filed by Monsen against DeGroot is a tort action. Additionally, a dramshop's liability under the Dram Shop Act is tort liability. (*Morgan v. Kirk Brothers, Inc.* (1982), 111 Ill. App. 3d 914, 444 N.E.2d 504.) Based on the foregoing facts, we find that the third-party plaintiff DeGroot may seek contribution from the American Legion under the Contribution Act. Granted, DeGroot, the alleged intoxicated person, could not seek damages from the American Legion for his own injuries. (*Holmes v. Rolando* (1943), 320 Ill. App. 475, 51 N.E.2d 786.) However, as noted in *Morgan*, the fact that the third-party plaintiff could not recover against the dramshop does not bar the action for contribution.

In arguing that an intoxicated person is prohibited from seeking contribution from a dramshop, the American Legion relies on *Wessel v. Carmi Elks Home, Inc.* (1973), 54 Ill. 2d 127, 295 N.E.2d 718, and *McDonald v. Trampf* (1964), 49 Ill. App. 2d 106, 198 N.E.2d 537. However, we find that neither of these cases is relevant to the issue presented for review. *Wessel v. Carmi Elks Home, Inc.* (1973), 54 Ill. 2d 127, 295 N.E.2d 718, addressed the issue of whether a dramshop could seek indemnity from an intoxicated person. Unlike contribution, indemnity seeks to shift the entire burden of loss to another party. (See *Doyle v. Rhodes* (1984), 101 Ill. 2d 1, 461 N.E.2d 382.) The issue presented in *Trampf* was similar to that presented in the case at bar; however, *Trampf* was decided prior to the decision of *Skinner v. Reed-Prentice Division Package Machinery Co.* (1977), 70 Ill. 2d 1, 374 N.E.2d 437, and the enactment of the Contribution Act. If *Trampf* had been decided under existing law, the result would have been different.

The American Legion further argues that allowing a contribution action by an intoxicated person against a dramshop violates the public policy underlying the enactment of the Dram Shop Act because it allows an intoxicated person to benefit from his own intemperance.

■■ We reject this argument for two reasons. First, as noted by the trial court, a contribution action presupposes culpability of the party seeking it. Contribution is allowed under the statute and without such culpability, no action under the statute would lie. Second, the purpose of imposing liability on tavern owners under the Dram Shop Act is to discipline and punish owners and operators for the evils resulting from the sale of liquor. (*Wessel v. Carmi Elks Home, Inc.*

(1973), 54 Ill. 2d 127, 295 N.E.2d 718.) Allowing contribution actions based on violations of the Dram Shop Act is consistent with the Act's purpose of holding tavern owners liable for injuries caused by an intoxicated person. In fact, disallowing contribution actions against dramshops could result in allowing a tortfeasor to escape liability when, by law, he may have been partially responsible for the loss. See *Morgan v. Kirk Brothers, Inc.* (1982), 111 Ill. App. 3d 914, 921, 444 N.E.2d 504, 509.

The second issue certified by the trial court is whether the third-party complaint is governed by the one-year limitation provision of the Dram Shop Act (Ill. Rev. Stat. 1983, ch. 43, par. 135). The American Legion contends the one-year limitation applies because it is a condition precedent to recovery based on the Dram Shop Act.

■ We reject this argument because it is premised on the incorrect assumption that the third-party plaintiff DeGroot is seeking damages under the Dram Shop Act. A review of the complaint clearly indicates that the third-party action is based on the Contribution Act. It merely alleged that the American Legion's liability for contribution, if any, arose from a violation of the Dram Shop Act. Because the third-party complaint was an action for contribution, we find that the limitations provisions of the Contribution Act control.

Section 5 of the Contribution Act (Ill. Rev. Stat. 1983, ch. 70, par. 305) provides:

> "A cause of action for contribution among joint tortfeasors may be asserted by a separate action before or after payment by counterclaim or by third-party complaint in a pending action."

In *Laue v. Leifheit* (1984), 105 Ill. 2d 191, the court interpreted this section in the following manner. Where no action is initiated by the injured party, a claim for contribution may be asserted in a separate action before or after payment. However, if an action is pending, as in the case at bar, the contribution claim must be asserted by counterclaim or third-party claim in the pending action. In this case, the contribution action was asserted in the pending action and thus was timely filed.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

CAMPBELL and BUCKLEY, JJ., concur.