BART A. HOPKINS, Plaintiff-Appellant, v. FRANCIS P. POWERS, JR., Defendant-Appellee.

Third District   No. 3—84—0742

Opinion filed September 11, 1985.

Michael T. Reagan and Robert M. Hansen, both of Herbolsheimer, Lannon, Henson, Duncan & Reagan, of Ottawa, for appellant.

Robert L. Ellison, of Klockau, McCarthy, Ellison & Rinden, of Rock Island, for appellee.

JUSTICE SCOTT delivered the opinion of the court:

The plaintiff, Bart A. Hopkins, while he was intoxicated, lost control of his automobile and caused property damage to several individuals. He responded by paying for the property damage. He then filed the instant lawsuit in the circuit court of La Salle County against the dramshop which caused his intoxication, seeking, pursuant to the Contribution Among Joint Tortfeasors Act (Ill. Rev. Stat. 1983, ch. 70, par. 301 *et seq.*), to have the dramshop share his liability to the injured parties. The defendant dramshop filed a motion to dismiss the complaint, and the circuit court granted the motion. The only issue raised on this appeal is whether a right of contribution exists under the Contribution Act against a dramshop by the intoxicated person.

In a recent case, the Illinois Appellate Court, First District, considered this very question and concluded that the intoxicated person could seek contribution against the dramshop. (*Monsen v. DeGroot* (1985), 130 Ill. App. 3d 735, 475 N.E.2d 5.) The *Monsen* court relied on provisions of the Contribution Act which provide:

"[W]here 2 or more persons are subject to liability in tort arising out of the same injury to person or property *** there is a right of contribution among them ***." (Ill. Rev. Stat. 1983, ch. 70, par. 302(a).)

The same court concluded that dramshops are persons subject to liability in tort on the authority of *Morgan v. Kirk Brothers, Inc.* (1982), 111 Ill. App. 3d 914, 444 N.E.2d 504. In *Morgan*, it was said:

"The action under the dramshop statute and its predecessors has long been considered an action in tort. (*Pisa v. Holy* (1904), 114 Ill. App. 6, 7. See also *Dworak v. Tempel* (1959), 17 Ill. 2d 181, 191; *Wanack v. Michels* (1905), 215 Ill. 87, 94-95; *Coffey v. ABC Liquor Stores, Inc.* (1957), 13 Ill. App. 2d 510, 514.) Liability by statute is imposed on dramshops not merely because of their 'status,' which is a lawful but regulated business, but because, when they are shown to have caused the intoxication of persons who as a result of the intoxication cauᵤe injury to others, they are denominated as wrongdoers. *Wessel v. Carmi Elks Home, Inc.* (1971), 133 Ill. App. 2d 902, 905, *aff'd* (1973), 54 Ill. 2d 127, 295 N.E.2d 718." (*Morgan v. Kirk Brothers, Inc.* (1982), 111 Ill. App. 3d 914, 917, 444 N.E.2d 504, 506.)

While it is true that in each of the cases cited by the *Morgan* court the tavern owners and operators were labeled "tortfeasors," other Illinois reviewing courts take what is arguably a contrary view. In *Nelson v. Araiza* (1978), 69 Ill. 2d 534, 538, 372 N.E.2d 637, 638, the supreme court wrote:

"The remedy afforded by the Dramshop Act is a creature of legislation. The statute imposes no-fault liability."

Similarly, in *Lichter v. Scher* (1956), 11 Ill. App. 2d 441, 452, 138 N.E.2d 66, 71, the court noted:

"The Dram Shop Act is unique. *** [I]t is designed to discipline a legal but ill-favored trade. While it applies a remedy to mitigate the evils and dangers that flow from the liquor traffic, it is a remedy not necessarily based on fault or negligence."

Another court observed:

"The common law gave no right of action either on the theory that the sale of liquor was a direct wrong or on the ground that it was negligence, which under any circumstance might impose liability on the seller for damages resulting from intoxication. [Citation.] The Dramshop Act is designed to fulfill a need for discipline of traffic in liquor and to provide a remedy for the evils and dangers which flow from such traffic. The remedy is not necessarily based on fault or negligence. A dramshop keeper who has sold liquor to one not intoxicated at the time and a landlord wholly innocent may be liable." (*Osinger v. Christian* (1963), 43 Ill. App. 2d 480, 485, 193 N.E.2d 872, 875.)

Indeed, on review by the supreme court of a decision relied on by the *Morgan* court, Justice Davis, concurring with the majority opinion, emphasized:

"Liability under the Dramshop Act is not premised upon fault [or] negligence." (*Wessel v. Carmi Elks Home, Inc.* (1973), 54 Ill. 2d 127, 133, 295 N.E.2d 718, 721.)

Are these two lines of authority inconsistent? Can a cause of action not premised on fault or negligence, where no duty is breached, be an action in tort?

That which constitutes liability in tort has been exactingly defined by prior judicial decision.

" 'Tort is an act or omission (not being merely the breach of duty arising out of a personal relation or undertaken by contract) which is related to harm suffered by a determinate person in one of the following ways: (a) It may be an act which, without lawful justification or excuse, is intended by the agent to cause harm, and does cause the harm complained of. (b) It may be an act in itself contrary to law, or an omission of specific legal duty, which causes harm not intended by the person so acting or omitting. (c) It may be an act or omission causing harm which the person so acting or omitting did not intend to

cause, but might and should with due diligence have foreseen and prevented. (d) It may, in special cases, consist merely in not avoiding or preventing harm which the party was bound absolutely, or within limits, to avoid or prevent.' " (*Dawson v. Ellis* (1909), 151 Ill. App. 92, 94.)

Within each of these traditional definitions of actions in tort, there is implicit the concept of fault or negligence. There is, in each instance, a breach of duty, a standard of conduct, imposed by law, whether intentionally or negligently, by commission or omission. Although the *Dawson* court offered its definition of tort prior to the evolution of strict liability concepts, it is no less persuasive. Even in cases where strict liability is the theory of recovery, "[t]he plaintiffs must prove that their injury or damage resulted from a condition of the product, that the condition was an unreasonably dangerous one and that the condition existed at the time it left the manufacturer's control." (*Suvada v. White Motor Co.* (1965), 32 Ill. 2d 612, 623, 210 N.E.2d 182, 188.) There is inherent in this burden of proof the concept of fault, of a dangerous condition within the defendant's control which goes unnoticed, unremedied. But where is the fault of a dramshop keeper who has sold liquor to one not intoxicated at the time and a landlord wholly innocent? The dramshop operator and the dramshop landlord breach no legal duty as they ply their legal but ill-favored trade.

■ We believe that a careful analysis of the liability imposed by the dramshop act, and the liability for actions in tort, must result in the conclusion that a dramshop action is not an action in tort. The dramshop law has been described as "remedial" and "regulatory," but it does not establish a standard of conduct as other statutory torts. (*Lichter v. Scher* (1956), 11 Ill. App. 2d 441, 138 N.E.2d 66.)

"[L]iability under the Dram Shop Act is penal in nature and the liability is one which the liquor dealers agree to accept and be bound by upon entering the liquor business." (*McDonald v. Trampf* (1964), 49 Ill. App. 2d 106, 120, 198 N.E.2d 537, 544.)

Liquor dealers accept liability by agreement, not because liability is imposed by breach of duty.

■ It is our considered opinion, based on the authorities hereinbefore cited, that dramshop liability is not liability in tort. Although, as our decision points out, there appears to be two contradictory lines of authority, we believe the better reasoned view adheres to the traditional definition of tort, "[a] violation of a duty imposed by general law." (Black's Law Dictionary 1335 (5th ed. 1979).) Since the dramshop keeper is not "subject to liability in tort," we must conclude that

he is not subject to make contribution to the plaintiff in the case at bar. Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

HEIPLE, P.J., and WOMBACHER, J., concur.