(No. 62491.—

## BART A. HOPKINS, Appellant, v. FRANCIS P. POWERS, JR., Appellee.

*Opinion filed June 20, 1986.—Rehearing denied September 26, 1986.*

208

GOLDENHERSH and SIMON, JJ., dissenting.

Herbolsheimer, Lannon, Henson, Duncan & Reagan, P.C., of Ottawa (Michael T. Reagan and Robert M. Hansen, of counsel), for appellant.

Klockau, McCarthy, Ellison & Marquis, P.C., of Rock Island (Robert L. Ellison, of counsel), for appellee.

JUSTICE MORAN delivered the opinion of the court:

Plaintiff, Bart A. Hopkins, filed a complaint in the circuit court of La Salle County against defendant, Francis P. Powers, Jr., licensee and operator of the Hall of Fame tavern, seeking contribution for damages. Defendant filed a motion to dismiss the complaint. At the conclusion of a hearing on defendant's motion, the court entered an order dismissing the complaint which plaintiff appealed. The appellate court affirmed, holding that dramshop liability is not tort liability and, therefore, a dramshop cannot be "liable in tort" for purposes of contribution. (136 Ill. App. 3d 501, 504.) We allowed plaintiff's petition for leave to appeal in order to resolve a conflict between appellate court districts as to the status of a dramshop for purposes of contribution.

Specifically, we are asked to decide whether or not a

dramshop which contributes to the intoxication of a person who later causes injury is thereby "liable in tort" for purposes of an action for contribution brought by the intoxicated party.

Plaintiff had been drinking intoxicating beverages at the Hall of Fame tavern located in Mendota. He then left the tavern with a companion and drove away in an automobile owned by Dorothy Hopkins. Subsequently, plaintiff lost control of the vehicle and it left the roadway, damaging property as follows: (1) real and personal property owned by Edwards Sales and Services (Edwards) in the amount of $14,562; (2) an automobile owned by Gilberto Polonares, valued at $1,438, which was parked on the Edwards' property; (3) a power pole and accouterments owned by Commonwealth Edison Company, valued at $617.14, which was situated on the Edwards' property. In addition, the vehicle plaintiff was driving was damaged in the amount of $3,965. Plaintiff's passenger at the time of the accident suffered personal injuries in the amount of $375.89.

Plaintiff settled with all claimants in the amounts indicated. He then filed suit seeking contribution for that portion of the total settlement proportionate to the relative culpability of himself and defendant.

The statutory provisions relevant to resolution of the issue before us are: section 6—21 of the Liquor Control Act of 1934 (Ill. Rev. Stat. 1983, ch. 43, par. 135 (Dramshop Act)); and section 2(a) of "An Act in relation to contribution among joint tortfeasors" (Ill. Rev. Stat. 1983, ch. 70, par. 302(a) (Contribution Act)). The Dramshop Act provides in pertinent part:

> "Every person who is injured in person or property by any intoxicated person, has a right of action in his or her own name, severally or jointly, against any person who by selling or giving alcoholic liquor, causes the intoxication of such person. ***" (Ill. Rev. Stat. 1983, ch. 43, par. 135.)

Section 2(a) of the Contribution Act provides in pertinent part:

"[W]here 2 or more persons are subject to *liability in tort* arising out of the same injury to person or property, *** there is a right of contribution among them, even though judgment has not been entered against any or all of them." (Emphasis added.) Ill. Rev. Stat. 1983, ch. 70, par. 302(a).

Plaintiff premises his right to contribution on recent appellate court cases which held that a person liable under the Dramshop Act is a tortfeasor and, therefore, is a person "liable in tort" for purposes of the Contribution Act. (*Monsen v. DeGroot* (1985), 130 Ill. App. 3d 735, 738; *Morgan v. Kirk Brothers, Inc.* (1982), 111 Ill. App. 3d 914, 917, 919; *cf. Jodelis v. Harris* (1985), 138 Ill. App. 3d 457, 458, *appeal allowed* (1986), 111 Ill. 2d 568.) On the basis of this line of authority, plaintiff maintains that he stated a cause of action for contribution. Defendant responds that the Dramshop Act does not create tort liability for purposes of the Contribution Act. Defendant contends that the Dramshop Act does not create a statutory duty in tort for the benefit of either innocent parties or the plaintiff. Further, defendant points out that in Illinois there is no common law tort duty to this effect. In the absence of either a statutory or common law duty, defendant concludes that he cannot be "liable in tort" as required under the Contribution Act. We agree.

Our recent decision in *Wimmer v. Koenigseder* (1985), 108 Ill. 2d 435, is dispositive of the issue before us. In *Wimmer*, this court was asked to decide whether or not the sale of intoxicating beverages in Wisconsin, causing the intoxication of a person who later drove his car into Illinois and in such a manner as to cause the death of his passenger, plaintiff's decedent, constituted either a statutory or common law tort sufficient to confer jurisdiction over the Wisconsin taverns under the Illi-

nois long-arm statute (Ill. Rev. Stat. 1981, ch. 110, par. 2—209(a)(2)). After a thorough analysis of the possible basis of dramshop liability, this court concluded that "there is no statutory or common law duty in Wisconsin or Illinois" to refrain from serving intoxicating beverages to a person who then becomes intoxicated and, as a result, injures innocent third persons. (108 Ill. 2d 435, 444.) In support of this holding, the court cited consistent authority that the Dramshop Act is the sole remedy against a dramshop for injuries caused by intoxicated patrons. (108 Ill. 2d 435, 443.) Under *Wimmer*, insofar as the serving of intoxicating beverages imposes liability on the purveyor, that liability is not grounded in tort but in the Dramshop Act. *Wimmer* reaffirmed the long-standing rule in Illinois that the purveyor of intoxicating beverages may be held liable only under the provisions of the Dramshop Act and that the liability so imposed is *sui generis* and exclusive. *Demchuk v. Duplancich* (1982), 92 Ill. 2d 1, 5; *Cunningham v. Brown* (1961), 22 Ill. 2d 23, 29-31; *Howlett v. Doglio* (1949), 402 Ill. 311, 318.

Applying this consistent line of authority to the instant case, it is clear that, under Illinois law, the defendant is not "liable in tort" for purposes of the Contribution Act. Defendant's liability is limited to the exclusive, *sui generis* nontort liability of the Dramshop Act. Because defendant is not "liable in tort," plaintiff, as a matter of law, cannot maintain an action for contribution under the Contribution Act.

We are also persuaded by defendant's contention that plaintiff is not among the class of persons who may bring actions under the Dramshop Act. Recovery under the Dramshop Act is limited to innocent third persons who are injured as a result of the sale or gift of intoxicating beverages. This limitation on the class of plaintiffs under the Dramshop Act has been referred to as the innocent-suitor concept and has been applied to deny

recovery to injured third persons who are guilty of complicity in the intoxication of the individual directly causing their injuries. (*Nelson v. Araiza* (1978), 69 Ill. 2d 534, 538-39; *Holcomb v. Hornback* (1964), 51 Ill. App. 2d 84, 88-89; *cf. Gora v. 7-11 Food Stores* (1982), 109 Ill. App. 3d 109, 110.) Plaintiff's position in the instant matter is analogous to that of an injured third person guilty of complicity. Plaintiff is not an innocent suitor. He admits his liability in his complaint for contribution. As a consequence, plaintiff has no cause of action under the Dramshop Act for any portion of the settlements reached with those persons injured as a result of his intoxication.

Plaintiff's attempt to use the Contribution Act to recover a portion of the losses he incurred in reaching settlements for the damages he caused by his intoxication amounts to an attempt to circumvent the statutory bar of the Dramshop Act. Recognizing that a direct route to recovery is unavailable, plaintiff seeks an indirect route by way of the Contribution Act. But because plaintiff is barred from direct recovery under the Dramshop Act, he is barred as well from recovery under the Contribution Act.

For the reasons stated herein, we affirm the judgment of the appellate court.

*Judgment affirmed.*

JUSTICE GOLDENHERSH, dissenting:

I dissent. I cannot agree that the provisions of section 6—21 of the Liquor Control Act of 1934 (Ill. Rev. Stat. 1983, ch. 43, par. 135) do not render a seller or donor of liquor to an intoxicated person "subject to liability in tort" within the contemplation of section 2(a) of the Contribution Act (Ill. Rev. Stat. 1983, ch. 70, par. 302(a)). To so hold would require that this court ignore the basic rule of statutory construction that the words

used in the statute be given their plain and ordinary meaning. (*Conner v. Copley Press* (1984), 99 Ill. 2d 382.) A tort has been defined as a breach of a noncontractual legal duty owed to the plaintiff, the source of which may be a statute as well as the common law. (*Overby v. Johnson* (E.D. Mich. 1976), 418 F. Supp. 471.) To the same effect are countless definitions contained in Black's Law Dictionary (4th ed. 1957) and Words and Phrases. The majority's conclusion that the plaintiff, as the intoxicated person, may not recover from the defendant because of the complicity rule (see *Nelson v. Araiza* (1978), 69 Ill. 2d 534, 538-39) flies in the face of the only reasonable construction of the Contribution Act. Section 3 of the Contribution Act (Ill. Rev. Stat. 1983, ch. 70, par. 303) contemplates culpability on the part of the plaintiff; without culpability there would be no payment for which to seek contribution.

The Contribution Act does not require that the persons be subject to liability under the same legal theory, but that they be subject to liability in tort arising out of the same injury to person or property. Here, there was only one injury, and the fact that the liability of plaintiff and defendant is based on different breaches of legal duty does not serve to defeat plaintiff's claim. Furthermore, we have held that the legislative policy decision underlying the enactment of the Contribution Act is that the right to contribution prevail over immunities and defenses created by other statutes (*Stephens v. McBride* (1983), 97 Ill. 2d 515 (holding that the notice provisions of the Local Governmental and Governmental Employees Tort Immunity Act did not apply in a contribution action); *Doyle v. Rhodes* (1984), 101 Ill. 2d 1 (holding that worker's compensation immunity does not immunize an employer from a suit for contribution by a third party sued by an injured employee)).

In a well-reasoned opinion in *Monsen v. DeGroot*

(1985), 130 Ill. App. 3d 735, the appellate court held that contribution could be sought under facts identical to those alleged here. I agree with that decision and would reverse the judgment here.

JUSTICE SIMON joins in this dissent.

JUSTICE SIMON, also dissenting:

I join in Justice Goldenhersh's dissent and add the following observations.

The majority attempts to disengage dramshop liability from the definition of tort by declaring that the dramshop statute (Ill. Rev. Stat. 1981, ch. 43, par. 135) (the Act) places no duty on Illinois dramshops. (113 Ill. 2d at 209-11.) In supporting that exclusion, the majority misreads our holding in *Wimmer v. Koenigseder* (1985), 108 Ill. 2d 435, wherein the court decided that a *Wisconsin* tavernkeeper owed no duty—and was therefore not subject to damages—under the Act when he sold beer in Wisconsin to an Illinois resident who became intoxicated and who caused the death of another when he wrecked his car in Illinois.

The thrust of *Wimmer* is that the Act imposes a duty only on Illinois dramshops, and since Wisconsin dramshops are not "subject to the Act" (108 Ill. 2d 435, 443), the Act imposed no duty on the Wisconsin defendant and therefore no liability. Here, the majority reads *Wimmer* to conclude that no duty is imposed on Illinois tavernkeepers either, even when they dispense liquor to a person in Illinois who becomes intoxicated and causes property damage. *Wimmer* does disclaim the existence of a common law duty in Illinois with regard to serving liquor. It in no way says, however, that there is no duty imposed by the Act on Illinois tavernkeepers who dispense liquor in Illinois, and there is nothing in the facts or the language of *Wimmer* to support that interpreta-

tion of the opinion. Moreover, the majority misconstrues *Wimmer* in describing that opinion as holding that "insofar as the serving of intoxicating beverages imposes liability on the purveyor, that liability is not grounded in tort but in the Dramshop Act." (113 Ill. 2d at 211.) There was no occasion in *Wimmer* to address the question of whether liability under the Act is tort liability, and the opinion did not deal with that question. Nonetheless, the opinion did employ tort-law analysis in deciding that liability would not lie because duty was not imposed by the Act on purveyors of liquor outside Illinois. See Restatement (Second) of Torts sec. 4 (1965).

The majority's decision is said to be mandated by a "consistent line of authority" that dramshop liability is *sui generis* and exclusive and not "grounded in tort" (113 Ill. 2d at 211). However, the majority's conclusion represents a clear departure from earlier decisions by this court that dramshop liability sounds in tort. In *Dworak v. Tempel* (1959), 17 Ill. 2d 181, 191, this court determined that dramshop owners and operators liable under the Act are "made statutory tortfeasors." (See *Wanack v. Michels* (1905), 215 Ill. 87, 94-95 (violation of the dramshop statute is a "tortious act").) That determination is consistent with the Restatement view that "[e]xamples of legislative provisions creating new tort rights are civil rights acts, dramshop statutes and dog-bite statutes." (Restatement (Second) of Torts sec. 874A, comment b (1979).) Furthermore, liability imposed by the Act clearly falls within the definition of tort as set forth by this court: a private injury caused by breach of legal duty; "the commission or omission of an act by one, without right, whereby another receives some injury." *Gillman v. Chicago Rys. Co.* (1915), 268 Ill. 305, 309; *Hayes v. Massachusetts Life Insurance Co.* (1888), 125 Ill. 626, 634.

Prior to the court's decision in *Skinner v. Reed-Pren-*

*tice Division Package Machinery Co.* (1977), 70 Ill. 2d 1 (adopting contribution among tortfeasors), this court concluded that contribution could not be obtained from a party liable under the Act because "there [was] no right of contribution as between tort feasors" and the "owner, under the circumstances mentioned in the [dramshop] statute, must be regarded as committing [a] tortious act." (*Wanack v. Michels* (1905), 215 Ill. 87, 94-95.) Now that contribution among parties liable in tort is allowed by statute (Ill. Rev. Stat. 1981, ch. 70, par. 302), the majority veers in the opposite direction and says here that parties liable under the Act are not tortfeasors since the Act is *sui generis* and, consequently, such parties may neither sue nor be sued for contribution. The fallacy lies in the majority's belief that "tort" and *"sui generis"* are mutually exclusive labels. If liability imposed by the Act is *sui generis,* that means only that it was unknown at common law and did not develop from a common law cause of action. (See *Howlett v. Doglio* (1949), 402 Ill. 311, 318 (dramshop liability "was not an actionable tort *at common law"*) (emphasis added).) Thus, a statutory or recently formulated cause of action can be *sui generis* while nonetheless sounding in tort (see, *e.g., Norman M. Morris Corp. v. Weinstein* (5th Cir. 1972), 466 F.2d 137, 141; *Colligan v. Activities Club of New York, Ltd.* (2d Cir. 1971), 442 F.2d 686, 691), and *Skinner* adopted contribution in a case of product liability, also a tort *sui generis.* I therefore regard liability under the dramshop statute to be "liability in tort" within the meaning of the contribution statute.

Contribution is also denied in this case because the "plaintiff is not among the class of persons who may bring actions under the Dramshop Act." (113 Ill. 2d at 211.) Plaintiff's action is "barred," according to the majority, because plaintiff's complicity "bars" him from seeking damages under the Act. (113 Ill. 2d at 212.) Of

course, the plaintiff here has no cause of action under the Act since he is not a "person who is injured in person or property by any intoxicated person" (Ill. Rev. Stat. 1983, ch. 43, par. 135; *Gora v. 7-11 Food Stores* (1982), 109 Ill. App. 3d 109, 110 (plaintiff inebriate "conceded that he has no cause of action under the Dramshop Act" for injuries suffered as a result of his intoxication)), and it is not precisely accurate to consider a cause of action "barred" which never existed in the first instance.

To reach its conclusion that "because plaintiff is barred from direct recovery under the Dramshop Act, he is barred as well from recovery under the Contribution Act" (113 Ill. 2d at 212), the majority relies upon the complicity cases of *Nelson v. Araiza* (1978), 69 Ill. 2d 534, and *Holcomb v. Hornback* (1964), 51 Ill. App. 2d 84, which the majority characterizes as "analogous." I do not, however, regard *Nelson* and *Holcomb* as analogous to this case: even if recovery under the Dramshop Act is limited to "innocent suitors," recovery by contribution is not precluded in the absence of an innocent suitor since the very purpose of contribution is to allocate damages among parties whose tortious conduct has caused injury to another. Innocent suitors have no need to resort to actions for contribution; indeed, the creation of an "innocent suitor" requirement for contribution would resurrect the recently discarded law of contributory negligence.

The majority, in focusing upon and then denying a cause of action under the Dramshop Act, overlooks the cause of action that the plaintiff is asserting under the *contribution* statute, which grants a "cause of action for contribution." (Ill. Rev. Stat. 1981, ch. 70, par. 305.) The majority's view that a party may not recover under the contribution statute unless that party also has a cause of action for the tort which originally made the party liable to an innocent third party is inconsistent with *Doyle v.*

*Rhodes* (1984), 101 Ill. 2d 1 (person liable under Road Construction Injuries Act may be sued for contribution although the party seeking contribution had no cause of action under that statute). It renders the contribution statute meaningless since the right to contribution is superfluous if the person seeking contribution also has a cause of action for the underlying tort.

In *Doyle* the court said that "the Contribution Act envisions a sharing of liability between two culpable defendants even where the liability of one is grounded in the special duties imposed by a safety statute such as the Road Construction Injuries Act and does not depend on a theory of common law negligence. (See *Morgan v. Kirk Brothers, Inc.* (1982), 111 Ill. App. 3d 914 (*contribution possible under the Dramshop Act* ***).)" (Emphasis added.) (101 Ill. 2d 1, 17.) Thus a negligent driver may receive contribution from the injured party's employer who violated a safety statute, even though the employer could not have been held directly liable by the injured employee. *A fortiori* a defendant dramshop operator should be answerable for contribution to the inebriated tortfeasor where the operator could have been held directly liable for the injured party's damages. In denying contribution, and by allowing the licensee and operator of the Hall of Fame tavern to avoid paying any damages caused by his violations of the Act, the majority has undercut a legislative policy which places the loss on dramshops in order to promote responsible conduct by tavernkeepers and which places the costs of liquor consumption upon persons in a position to spread the cost among all liquor consumers; it is only liquor-selling establishments which will benefit by the court's decision in this case.

The majority's conclusions are not supported by the law, but are perhaps motivated by the majority's desire to deal harshly with those individuals who drink and

drive. In any event, the majority's selective exercise of *stare decisis* regarding the tortious character of Dram-shop Act violations resulting in civil liability has blurred the law of contribution, and I dissent.