Abraham **FOOTE**, Plaintiff,

v.

**UNITED STATES of America,**
Defendant/Third Party
Plaintiff,

v.

**MICHAEL REESE HOSPITAL AND
MEDICAL CENTER,** Third
Party Defendant.

No. 85 C 7159.

United States District Court,
N.D. Illinois, E.D.

Oct. 22, 1986.

---

Carl Nusbaum, Levin, Sorkin & Nusbaum, Chicago, Ill., for plaintiff.

Michael O'Connell, Asst. U.S. Atty.'s Office, Lord, Bissell & Brook, Chicago, Ill., for defendant/third party plaintiff.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Abraham Foote brought this action under the Federal Tort Claims Act, 28 U.S.C. § 1346(b) (1982), against the United States of America ("the government") for injuries allegedly incurred as a result of the failure of medical personnel at a government hospital to diagnose and properly treat a ruptured quadriceps mechanism which Foote had suffered. The government then filed a third-party complaint under Fed.R.Civ.P. 14(a) against Michael Reese Hospital and Medical Center ("Reese") seeking contribution under the Illinois Contribution Act, Ill.Rev.Stat. ch. 70, ¶ 302(a) (1985), with respect to treatment rendered by Reese to Foote prior to his visit to the government facility. Presently before this Court is Reese's motion to dismiss the third-party complaint under Fed.R.Civ.P. 12(b)(6) for failure to state a claim. For the reasons stated below, Reese's motion to dismiss is denied.

In general, the same principles governing the disposition of a 12(b)(6) motion apply whether the plaintiff's original complaint or a third-party complaint is involved. See 6 C. Wright & A. Miller, Federal Practice and Procedure § 1455 (1971). Thus, for the purposes of this motion we assume the truth of the well-pleaded factual allegations in the government's third-party complaint. Al-Hazmi v. City of Waukegan, 579 F.Supp. 1441, 1442 n. 2 (N.D.Ill.1984). Furthermore, we cannot grant the motion to dismiss for failure to state a claim unless it appears beyond doubt that the government can prove no set of facts which would entitle it to relief. Id. at 1444 n. 6 (citing the now familiar liberal pleading standards set forth in Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957), in reviewing a third-party complaint). With these standards in mind, we turn to the third-party complaint.

On January 15, 1981, Foote first went to Reese for treatment of an injury to his right leg. He was seen in the emergency room and released. Third-Party Complaint ¶ 6. Ten days later Foote went to Naval Regional Medical Center at Great Lakes ("Naval Regional") complaining of pain, stiffness and weakness in the knees. He was seen in the emergency room and released, but returned to Naval Regional later during the same year for treatment. Third-Party Complaint at ¶¶ 4, 7. As noted above, Foote has allegedly sustained damage to his right leg due to the government's failure to properly diagnose and treat a rupture of his right quadriceps mechanism.

In its third-party complaint, the government alleges that it is entitled to contribution from Reese regarding any liability to Foote which the government might have, because Reese first failed to diagnose the

problem in Foote's leg. Reese asserts that the government fails to state a claim because Reese's treatment of Foote predated that of the government, and Reese therefore cannot be the cause or a contributing cause of the alleged injury claimed in Foote's lawsuit.

Under Fed.R.Civ.P. 14(a), at any time after the commencement of an action, a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. Under this rule, the government in this case has the right to bring in a third-party defendant that is or may be liable to it for all or part of Foote's claim under the Federal Tort Claims Act. Fed.R.Civ.P. 14(a); 6 C. Wright & A. Miller, *Federal Practice and Procedure* § 1450 (1971).

State law governs liability, including the right to indemnity or contribution, under the Federal Tort Claims Act, 28 U.S.C. § 1346(b) (1982); *Smith v. United States,* 688 F.2d 476, 479 n. 7 (7th Cir.1982). We determine which state's law is to apply by looking to the place where the act or omission underlying the suit occurred. 28 U.S.C. § 2674 (1982); *Smith,* 688 F.2d at 479 n. 7. Reese and Naval Regional, the only places where Foote sought medical treatment for his leg, are both located in Illinois. Thus, the basis for the government's third-party complaint against Reese is the Illinois Contribution Act, Ill.Rev.Stat. ch. 70, ¶ 302(a) (1985), which states:

> Except as otherwise provided in this Act, where 2 or more persons are subject to liability in tort arising out of the same injury to person or property ... there is a right of contribution among them, even though judgment has not been entered against any or all of them.

Accordingly, there are only two express requirements contained in the statute: the third-party plaintiff and third-party defendant must be subject to liability in tort, and that liability must arise from the same injury.

The first requirement, that the liability be based in tort, does not pose a problem. Foote alleges negligence on the government's part for failure to diagnose and properly treat his injuries. The government, in turn, alleges that Reese was negligent in its failure to diagnose the same problem when Foote sought treatment on January 15, 1981.

Reese contends that the "same injury" requirement has not been satisfied, pointing out that the earlier care rendered at Reese and that care rendered at Naval Regional are distinct and unrelated activities. From this Reese concludes that "any misfeasance or malfeasance that the government alleges may have occurred at Michael Reese could not possibly be the same injury of which plaintiff complains from the care rendered by the Government." We disagree.

Reese is confused as to what constitutes Foote's alleged injury. As noted previously, if damage to the leg has resulted in part from the failure to diagnose and promptly treat Foote's ruptured quadriceps mechanism, then it is quite possible that Reese's alleged failure to diagnose the problem on January 15 contributed to or aggravated Foote's injury notwithstanding the government's later treatment. Indeed, under some circumstances, the first negligent treating party might even be liable to the injured plaintiff for all foreseeable injuries resulting from the later negligent medical treatment of a second party. *See* 1 D. Louisell & H. Williams, *Medical Malpractice,* ¶ 16.06 (1986).

Although no Illinois case appears to have addressed the question of whether two different physicians who fail to make a proper diagnosis on successive occasions are co-tortfeasors within the meaning of the Contribution Act, there is language in other cases which indicates that Reese would fall into the co-tortfeasor category. In *Morgan v. Kirk Bros., Inc.,* 111 Ill.App.3d 914, 919, 67 Ill.Dec. 268, 272, 444 N.E.2d 504, 508 (2d Dist.1983), the court, in holding that dram shops were co-tortfeasors in a personal injury suit against the employer of an intoxi-

cated driver, stated that "[o]ne who is culpable in contributing to an injury in the sense that her wrongful conduct in some part caused the injury, may be liable for contribution under the broad language of the [contribution] statute [citation omitted]." Furthermore, as recognized by the *Morgan* court, the Contribution Act expands the traditional notions of "joint" tort liability. The court observed that "neither section 302(a) nor the published Legislative History requires that the tortfeasors be joint in the strict sense that their tortious acts be simultaneous, or that they act in concert, before contribution will lie [footnote omitted]," adding that "[t]he currently accepted definition of the term 'joint tortfeasors' includes all cases where there is joint liability for a tort, whether the acts of those liable were concerted, merely concurrent, or even successive in time." *Morgan,* 111 Ill.App.3d at 918 & n. 2, 67 Ill.Dec. at 271 & n. 2, 444 N.E.2d at 507 & n. 2. Under this analysis, if Reese's failure to diagnose the ruptured quadriceps was responsible in part for causing the injury, Reese may be liable to the government for contribution under the Illinois Contribution Act notwithstanding the separation in time between its treatment and the government's treatment. Thus, Reese may ultimately be liable to the government for all or part of Foote's claim against the government and is a proper third-party defendant. *See* Fed.R.Civ.P. 14(a).

As a potential co-tortfeasor, Reese is a proper third-party defendant in Foote's Federal Tort Claims Act suit. Accordingly, its Rule 12(b)(6) motion to dismiss the government's third-party complaint is denied. It is so ordered.