CIRILO'S, INC., *et al.*, Plaintiffs-Counterdefendants, v. GLEESON, SKLAR & SAWYERS, Defendant and Counterplaintiff and Third-Party Plaintiff-Appellant (Independence Bank of Chicago, Third-Party Defendant-Appellee; Cirilo McSween *et al.*, Third-Party Defendants).

First District (3rd Division) No. 86—1811

Opinion filed March 25, 1987.

Lawrence A. Wojcik and David S. Fleming, both of Karon, Morrison & Savikas, Ltd., of Chicago, for appellant.

Charles E. Lomax, Benjamin P. Shapiro, James R. Stinson, and Thomas K. Cox, all of Sidley & Austin, of Chicago, for appellee.

JUSTICE WHITE delivered the opinion of the court:

This cause originated as an action by Cirilo's, Inc., and Veronica's, Inc., (Cirilo's) against Gleeson, Sklar & Sawyers (Gleeson), an accounting firm, which had been retained by Cirilo's to render accounting services that included supervision of its checking account at Independence Bank of Chicago (Independence). A Cirilo's employee had embezzled approximately $460,000 over a five-year period by making herself payee on one to three company checks each month, forging the signature of the company manager on the checks, and cashing them at Independence. Cirilo's, in its suit against Gleeson, alleges that the firm was negligent in failing to discover the forgery scheme and seeks to recover from Gleeson the amount of the forged checks plus accounting fees already paid to the firm and incidental costs. Cirilo's, whose manager and sole shareholder, Cirilo McSween, is also a shareholder and vice-chairman of Independence, made no claim against the bank. Gleeson filed a third-party complaint against Independence for contribution based on the bank's failure to exercise ordinary care in paying Cirilo's checks. The trial court granted Independence's motion to dismiss the claim, and Gleeson appeals that dismissal.

The trial court based its ruling on its interpretation of "An Act in relation to contribution among joint tortfeasors" (Ill. Rev. Stat. 1985, ch. 70, pars. 301 through 305) (hereafter referred to as the Contribution Act). The act allows contribution "where 2 or more persons are subject to liability in tort arising out of the same injury to person or property, or the same wrongful death." (Ill. Rev. Stat. 1985, ch. 70, par. 302(a).) Gleeson asserts that both it and the bank are "subject to liability in tort," as that phrase in the Contribution Act has been construed, and that its claim against the bank is sufficient under that

statute. Independence answers that the reasoning of the trial court was correct: that the statute subjected it to contribution only if its liability to Cirilo's is grounded in tort law; that the relationship between bank and customer was governed by contract, not tort law; and that Gleeson's claim thus failed to state a cause of action under the Contribution Act.

The statutory language that is the focus of the case at bar has been interpreted by our supreme court in *Doyle v. Rhodes* (1984), 101 Ill. 2d 1, 461 N.E.2d 382. In *Doyle*, a third-party defendant claimed that he was not "subject to liability in tort" because he was statutorily immune to tort claims by the initial plaintiff, his employee. The only potential basis for his liability was his breach of a duty imposed by a safety statute. The supreme court allowed contribution nonetheless, holding that "the Contribution Act envisions a sharing of liability between two culpable defendants even where the liability of one is grounded in the special duties imposed by a safety statute *** and does not depend on a theory of common law negligence." (101 Ill. 2d 1, 17, 461 N.E.2d 382.) The court used the same analysis in *Hopkins v. Powers* (1986), 113 Ill. 2d 206, 497 N.E.2d 757, holding that an action for contribution against a dramshop operator could not be allowed because no statutory or common law duty had been breached. 113 Ill. 2d 206, 211, 497 N.E.2d 757.

This reasoning stems from the supreme court's decision in *Skinner v. Reed-Prentice Division Package Machinery Co.* (1977), 70 Ill. 2d 1, 374 N.E.2d 437, which established the right of contribution among tortfeasors in Illinois. The *Skinner* court articulated the basis for that right:

"We agree with Dean Prosser that '[t]here is an obvious lack of sense and justice in a rule which permits the entire burden of a loss, for which two defendants were equally, unintentionally responsible, to be shouldered onto one alone, according to the accident of a successful levy of execution, the existence of liability insurance, the plaintiff's whim or spite, or his collusion with the other wrongdoer, while the latter goes scot free.' Prosser, Torts sec. 50 at 307 (4th ed. 1971)." (70 Ill. 2d 1, 13, 374 N.E.2d 437.)

The court confirmed this view of the statute's purpose in *Doyle*: "[T]he Contribution Act focuses, as it was intended to do, on the culpability of the parties rather than on the precise legal means by which the plaintiff is ultimately able to make each defendant compensate him for his loss." 101 Ill. 2d 1, 14, 461 N.E.2d 382.

Our courts have determined that the Contribution Act was in-

tended to codify, not limit, the decision in *Skinner.* (*Doyle v. Rhodes* (1984), 101 Ill. 2d 1, 14, 461 N.E.2d 382.) Therefore, that case and its progeny must guide our analysis of the "liability in tort" requirement. Independence, under the Uniform Commercial Code—Bank Deposits and Collections (Ill. Rev. Stat. 1985, ch. 26, par. 4—101 *et seq.*), had a statutory duty to pay only those checks which were "properly payable"; Gleeson's third-party complaint alleges that breach of this duty, together with its own failure to discover the forgery scheme, caused the "same injury" to Cirilo's. Under the rationale of *Doyle*, Independence and Gleeson are clearly "subject to liability in tort arising out of the same injury," even though their duties to Cirilo's arose from their contracts with that party, not from tort law.

We do not find the supreme court's holding in *Moorman Manufacturing Co. v. National Tank Co.* (1982), 91 Ill. 2d 69, 435 N.E.2d 443, to be applicable. Independence cites that case as authority for its proposition that contract, not tort law, would govern the bank-customer relationship. *Moorman* did not adjudicate a contribution claim, nor does it purport to define "liability in tort" for Contribution Act purposes; it speaks only to the initial plaintiff-defendant relationship. It does not apply to the relationship between defendants who are each charged with breaches of duty which together led to plaintiff's loss, as we have here.

We find that Gleeson's third-party complaint did state a cause of action under the Contribution Act. Accordingly, we reverse the dismissal of the third-party complaint and remand that claim to the trial court for further proceedings.

Reversed and remanded.

RIZZI and FREEMAN, JJ., concur.